1  COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  PATRICK J. COUGHLIN (111070)
   HENRY ROSEN (156963)
3  TOR GRONBORG (179109)
   JEFFREY D. LIGHT (159515)
4  JENNIFER Y. LAI (228117)
   655 West Broadway, Suite 1900
5  San Diego, CA 92101
   Telephone: 619/231-1058
6  619/231-7423 (fax)
   patc@csgrr.com
7  henryr@csgrr.com
   torg@csgrr.com
8  jeffl@csgrr.com
   jlai@csgrr.com
9
   BERNSTEIN LITOWITZ BERGER &
10     GROSSMANN LLP                       COHEN MILSTEIN SELLERS
   DAVID R. STICKNEY (188574)                & TOLL PLLC
11 NIKI L. MENDOZA (214646)              DANIEL S. SOMMERS
   MATTHEW P. JUBENVILLE (228464)        MATTHEW B. KAPLAN
12 TAKEO A. KELLAR (234470)             1100 New York Avenue, N.W.
   12481 High Bluff Drive, Suite 300     West Tower, Suite 500
13 San Diego, CA 92130                   Washington, DC 20005-3964
   Telephone: 858/793-0070               Telephone: 202/408-4600
14 858/793-0323 (fax)                    202/408-4699 (fax)
   davids@blbglaw.com                    dsommers@cohenmilstein.com
15 nikim@blbglaw.com                     mkaplan@cohenmilstein.com
   matthewj@blbglaw.com
16 takeok@blbglaw.com

17 Co-Lead Counsel for Plaintiffs

18                  UNITED STATES DISTRICT COURT

19               SOUTHERN DISTRICT OF CALIFORNIA

20 In re DURA PHARMACEUTICALS, INC.   ) Master File No. 99-CV-0151-L(WMC)
   SECURITIES LITIGATION              )
21 _____) CLASS ACTION
                                      )
22 This Document Relates To:          ) LEAD COUNSEL'S MEMORANDUM OF
                                      ) POINTS AND AUTHORITIES IN SUPPORT
23    ALL ACTIONS.                    ) OF MOTION FOR AN AWARD OF
   _____) ATTORNEYS' FEES AND EXPENSES
24
                                        DATE:      December 3, 2009
25                                      TIME:      1:30 p.m.
                                        COURTROOM:   The Honorable
26                                                   Janis L. Sammartino
27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................1

II.   AWARD OF ATTORNEYS' FEES ...............................................................3

    A.   Lead Counsel Are Entitled to a Fee From the Common Fund They
       Obtained ...................................................................................................3

    B.   The Court Should Award Attorneys' Fees Using the Percentage Approach ...........4

    C.   A Percentage Fee of 25% of the Fund Created Is Reasonable in This Case ...........7

       1.   The Result Achieved ...............................................................7

       2.   A 25% Fee Award Is Consistent With the Market Rate in Similar
          Complex, Contingent Litigation .....................................................8

       3.   The Contingent Nature of the Fee ...............................................9

       4.   The Risks of the Litigation and the Novelty and Difficulty of the
          Questions Presented .................................................................11

       5.   The Quality of the Representation ...............................................13

    D.   Lead Counsel's Expenses are Reasonable and Were Necessarily Incurred
       to Achieve the Benefit Obtained ...................................................................14

III.  CONCLUSION ..............................................................................................16

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abrams v. Lightolier Inc.*,
    50 F.3d 1204 (3d Cir. 1995)...........................................................................14

*Alpine Pharmacy v. Chas. Pfizer & Co.*,
    481 F.2d 1045 (2d Cir. 1973).........................................................................9

*Anixter v. Home-Stake Prod. Co.*,
    77 F.3d 1215 (10th Cir. 1996) .....................................................................10

*Arenson v. Bd. of Trade*,
    372 F. Supp. 1349 (N.D. Ill. 1974) ..............................................................14

*Backman v. Polaroid Corp.*,
    910 F.2d 10 (1st Cir. 1990)...........................................................................10

*Bateman Eichler, Hill Richards, Inc. v. Berner*,
    472 U.S. 299 (1985).......................................................................................4

*Behrens v. Wometco Enters., Inc.*,
    118 F.R.D. 534 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) ................7

*Berkey Photo, Inc. v. Eastman Kodak Co.*,
    603 F.2d 263 (2d Cir. 1979)..........................................................................10

*Blum v. Stenson*,
    465 U.S. 886 (1984)....................................................................................5, 9

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980).......................................................................................3

*Bryant v. Avado Brands, Inc.*, 100 F. Supp. 2d 1368 (M.D. Ga. 2000),
    *rev'd on other grounds and remanded sub nom. Bryant v. Dupree*,
    252 F.3d 1161 (11th Cir. 2001) ....................................................................12

*Camden I Condo. Ass'n v. Dunkle*,
    946 F.2d 768 (11th Cir. 1991) .......................................................................5

*Clark v. Lomas & Nettleton Fin. Corp.*,
    79 F.R.D. 641 (N.D. Tex. 1978), *vacated on other grounds*,
    625 F.2d 49 (5th Cir. 1980) ..........................................................................12

*Florin v. Nationsbank, N.A.*,
    34 F.3d 560 (7th Cir. 1994) ............................................................................5

|  | Page |
|---|---|
| *Geffon v. Micrion Corp.*,<br>249 F.3d 29 (1st Cir. 2001) | 10 |
| *Goldstein v. MCI WorldCom*,<br>340 F.3d 238 (5th Cir. 2003) | 13 |
| *Gottlieb v. Barry*,<br>43 F.3d 474 (10th Cir. 1994) | 5 |
| *Greebel v. FTP Software, Inc.*,<br>194 F.3d 185 (1st Cir. 1999) | 10 |
| *Green v. Nuveen Advisory Corp.*,<br>295 F.3d 738 (7th Cir. 2002) | 10 |
| *Harris v. Marhoefer*,<br>24 F.3d 16 (9th Cir. 1994) | 14 |
| *Hensley v. Eckerhart*,<br>461 U.S. 424 (1983) | 7 |
| *In re Activision Sec. Litig.*,<br>723 F. Supp. 1373 (N.D. Cal. 1989) | 6 |
| *In re Apollo Group, Inc. Sec. Litig.*,<br>No. CV 04-2147-PHX-JAT, 2008 U.S. Dist. LEXIS 61995<br>(D. Ariz. Aug. 4, 2008) | 10 |
| *In re Apple Computer Sec. Litig.*,<br>No. C-84-20148(A)-JW, 1991 U.S. Dist. LEXIS 15608<br>(N.D. Cal. Sept. 6, 1991) | 11 |
| *In re Comshare Inc. Sec. Litig.*,<br>183 F.3d 542 (6th Cir. 1999) | 11 |
| *In re Cont'l Ill. Sec. Litig.*,<br>962 F.2d 566 (7th Cir. 1992) | 6 |
| *In re Digi Int'l, Inc. Sec. Litig.*,<br>14 Fed. Appx. 714 (8th Cir. 2001) | 11 |
| *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,<br>55 F.3d 768 (3d Cir. 1995) | 5 |

Page

*In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.,*
No. 02-ML-1475-DT(RCx), 2005 U.S. Dist. LEXIS 13627
(C.D. Cal. June 10, 2005) ...................................................................13

*In re Ikon Office Solutions, Inc., Sec. Litig.,*
194 F.R.D. 166 (E.D. Pa. 2000)......................................................9, 12

*In re JDS Uniphase Corp. Sec. Litig.,*
No. C 02-1486 CW, Verdict Questions Form (N.D. Cal. Nov. 27, 2007)........................10

*In re King Res. Co. Sec. Litig.,*
420 F. Supp. 610 (D. Colo. 1976).................................................7, 12, 14

*In re M.D.C. Holdings Sec. Litig.,*
No. CV 89-0090 E (M), 1990 U.S. Dist. LEXIS 15488
(S.D. Cal. Aug. 30, 1990) ....................................................................9

*In re Prudential-Bache Energy Income P'ships,*
No. 888, 1994 WL 202394 (E.D. La. May 18, 1994)........................................9

*In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.,*
56 F.3d 295 (1st Cir. 1995)...................................................................5

*In re Warner Commc'ns Sec. Litig.,*
618 F. Supp. 735 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986) ...............................14

*In re Wash. Pub. Power Supply Sys. Sec. Litig.,*
19 F.3d 1291 (9th Cir. 1994) ........................................................3, 5, 7, 11

*In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.,*
364 F. Supp. 2d 980 (D. Minn. 2005)...........................................................8

*J.I. Case Co. v. Borak,*
377 U.S. 426 (1964)...........................................................................4

*J. N. Futia Co. v. Phelps Dodge Indus., Inc.,*
No. 78 Civ. 4547, 1982 U.S. Dist. LEXIS 15261 (S.D.N.Y. Sept. 17, 1982) ...................14

*Johnson v. Ga. Highway Express, Inc.,*
488 F.2d 714 (5th Cir. 1974) ................................................................11

*Johnston v. Comerica Mortgage Corp.,*
83 F.3d 241 (8th Cir. 1996) ...................................................................5

*Kirchoff v. Flynn,*
786 F.2d 320 (7th Cir. 1986) ...............................................................6, 9

**Page**

*Levitin v. Painewebber, Inc.*,
    159 F.3d 698 (2d Cir. 1998)...........................................................................................11

*Longman v. Food Lion, Inc.*,
    197 F.3d 675 (4th Cir. 1999) ........................................................................................11

*Mashburn v. Nat'l Healthcare, Inc.*,
    684 F. Supp. 679 (M.D. Ala. 1988) ...............................................................................4

*McKenzie Constr., Inc. v. Maynard*,
    823 F.2d 43 (3d Cir. 1987).............................................................................................9

*Miller v. Woodmoor Corp.*,
    No. 74-F-988, 1978 U.S. Dist. LEXIS 15234 (D. Colo. Sept. 28, 1978) ........................12

*Miltland Raleigh-Durham v. Myers*,
    840 F. Supp. 235 (S.D.N.Y. 1993) ...............................................................................14

*Paul, Johnson, Alston & Hunt v. Graulty*,
    886 F.2d 268 (9th Cir. 1989) ....................................................................................5, 7

*Phemister v. Harcourt Brace Jovanovich, Inc.*,
    No. 77 C 39, 1984 U.S. Dist. LEXIS 23595 (N.D. Ill. Sept. 14, 1984)............................6

*Phillips v. LCI Int'l, Inc.*,
    190 F.3d 609 (4th Cir. 1999) ........................................................................................11

*Rawlings v. Prudential-Bache Props.*,
    9 F.3d 513 (6th Cir. 1993) .............................................................................................5

*Ressler v. Jacobson*,
    149 F.R.D. 651 (M.D. Fla. 1992).....................................................................................4

*Robbins v. Koger Props.*,
    116 F.3d 1441 (11th Cir. 1997) ....................................................................................11

*Shuster v. Symmetricom, Inc.*,
    35 Fed. Appx. 705 (9th Cir. 2002)................................................................................11

*Silver v. H&R Block*,
    105 F.3d 394 (8th Cir. 1997) ........................................................................................11

*Six Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) .......................................................................................5

**Page**

*Sutton v. Bernard,*
   504 F.3d 688 (7th Cir. 2007) ........................................................................10

*Swedish Hosp. Corp. v. Shalala,*
   1 F.3d 1261 (D.C. Cir. 1993) ..........................................................................5

*TBK Partners, Ltd. v. Warshow,*
   No. 77 Civ. 972(JMC), 1977 U.S. Dist. LEXIS 13597 (S.D.N.Y. Oct. 6, 1977) ..............15

*Torrisi v. Tucson Elec. Power Co.,*
   8 F.3d 1370 (9th Cir. 1993) .........................................................................5, 7

*Trustees v. Greenough,*
   105 U.S. 527 (1882) .....................................................................................3

*Vizcaino v. Microsoft Corp.,*
   290 F.3d 1043 (9th Cir. 2002) ....................................................................8, 11

*Ward v. Succession of Freeman,*
   854 F.2d 780 (5th Cir. 1988) ........................................................................11


**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78u-4 .........................................................................................1, 12, 13

17 C.F.R.
   §240.10b-5 ...................................................................................................11


**SECONDARY AUTHORITIES**

1 Alba Conte, *Attorney Fee Awards* (2d ed. 1993)
   §1.09...........................................................................................................8

Charles Silver, *Class Actions in the Gulf South Symposium: Due Process and the
Lodestar Method: You Can't Get There From Here* (June 2000)
   74 Tul. L. Rev. 1809 .....................................................................................6

Denise N. Martin, Vinita M. Juneja, Todd S. Foster, Frederick C. Dunbar, *Recent
Trends IV: What Explains Filings and Settlements in Shareholder Class Actions?*
   (NERA Nov. 1996) ...................................................................................8, 9

**Page**

Elliott J. Weiss, Janet E. Moser, *Enter Yossarian: How to Resolve the Procedural Catch-22 that the Private Securities Litigation Reform Act Creates* (1998)
     76 Wash. U. L.Q. 457 ............................................................................................12

Eugene Zelensky, *New Bully on the Class Action Block –Analysis of Restrictions on Securities Class Actions Imposed by the Private Securities Litigation Reform Act of 1995* (May 1998)
     73 Notre Dame L. Rev. 1135 ............................................................................12

John C. Coffee, Jr., *Understanding the Plaintiff's Attorney: The Implications of Economic Theory for Private Enforcement of Law Through Class and Derivative Actions* (May 1986)
     86 Colum. L. Rev. 669...........................................................................................7

*Securities Class Action Case Filings 2007: A Year in Review*
     (Cornerstone Research 2008).............................................................................2

## I.     INTRODUCTION

Lead Counsel respectfully submit this memorandum of points and authorities in support of their request for an award of attorneys' fees of 25% of the Settlement Fund plus their litigation expenses of $910,684.39, plus interest at the same rate and for the same period of time as that earned by the Settlement Fund until paid.[1] The substantial and certain recovery obtained for the Settlement Class after some ten years of litigation – an all cash recovery of $14,000,000.00 – was achieved through the skill, effort, tenacity, and effective advocacy of Lead Counsel. Lead Counsel's efforts to date have been without compensation of any kind and the fee has been wholly contingent upon the result achieved.

The requested fee is consistent with the Ninth Circuit's 25% "benchmark" fee in similar actions as well as numerous decisions in this Circuit and decisions throughout the country and is the appropriate method of compensating counsel.[2] The amount requested is especially warranted in light of the substantial obstacles presented in the prosecution of this Litigation, the extensive efforts of Lead Counsel in prosecuting this Litigation since its inception in early 1999, the contingent nature of counsel's representation, and the highly favorable result obtained for the Settlement Class.

The Litigation is subject to the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and, therefore, was extremely risky and difficult from the outset. 15 U.S.C. §78u-4. Lead Counsel knew from the outset that the effect of the PSLRA is to make it harder for investors to bring and successfully resolve securities class actions. Lead Plaintiffs and their counsel were mindful of the fact that as a result of the PSLRA, they would face many new and novel issues with

---

[1]    Submitted herewith in support of approval of the proposed settlement is Lead Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Final Approval of Settlement and Plan of Allocation of Settlement Proceeds (the "Settlement Brief") and the Joint Declaration of Henry Rosen, David R. Stickney, and Daniel S. Sommers in Support of Motion for Final Approval of Settlement and Plan of Allocation of Settlement Proceeds; and Award of Attorneys' Fees and Expenses ("Joint Declaration"), which more fully describes the history of the Litigation, the claims asserted, the investigation undertaken, the negotiation and substance of the settlement, the substantial risks of the Litigation, and the reasonableness of the fee request. Also submitted herewith are declarations from Lead Counsel setting forth the expenses incurred in prosecuting the Litigation.

[2]    Attached hereto as Appendix A is a listing of cases where courts in class actions in this Circuit and other Circuits have awarded fees of 25% or more of the settlement amount.

1  the very real risk of being dismissed at the pleading stage. Indeed, a study of securities class action

2  cases filed between 1996 and 2001 found that 35% of the cases filed were dismissed. *See Securities*

3  *Class Action Case Filings 2007: A Year in Review*, at 3 (Cornerstone Research 2008),

4  http://securities.cornerstone.com/pdfs/ YIR2007.pdf.

5      The prosecution and settlement of this Litigation against Defendants required great skill and

6  extensive efforts by Lead Counsel. During the course of the Litigation, Lead Counsel among other

7  things (1) reviewed and analyzed voluminous publicly filed documents, financial reports, analysts'

8  reports, press releases, and United States Food and Drug Administration public notices concerning

9  Dura; (2) located and interviewed scores of potential witnesses, including numerous former Dura

10 employees, with the assistance of in-house and outside private investigators; (3) consulted with

11 experts in mergers and acquisitions, damages, loss causation, materiality, and accounting; (4)

12 thoroughly researched the law pertinent to the claims and defenses asserted, including successorship

13 issues arising from Dura's merger with and into Elan Pharmaceuticals, Inc.; (5) filed four fact-

14 specific amended complaints; (6) fully briefed four rounds of Defendants' motions to dismiss; (7)

15 litigated the appeal of the dismissal with prejudice of this Litigation before the Ninth Circuit Court

16 of Appeals and the United States Supreme Court; (8) largely defeated Defendants' challenges to the

17 pleadings; (9) reviewed and analyzed over 200,000 pages of documents produced by Defendants;

18 and (10) engaged in arm's-length negotiations with Defendants to settle the case, including

19 mediation with Antonio Piazza, a highly respected mediator with extensive experience in the

20 mediation of complex actions.[3] In total, Lead Counsel and their paraprofessionals spent 14,267.70

21 hours in the prosecution of this Litigation with a resulting lodestar of $7,434,463.25. The requested

22 fee, therefore, represents a negative multiplier of counsel's lodestar.

23      Lead Counsel undertook the representation of the Settlement Class on a contingent-fee basis

24 and no payment has been made to Lead Counsel to date for their services or for the litigation

25 expenses they have incurred on behalf of the Settlement Class for the last ten years. Lead Counsel

26

27 [3]     The efforts of Lead Counsel in achieving this result are set forth in greater detail in the Joint
        Declaration.

28

firmly believe that the settlement is the result of their creative and diligent services, as well as their reputations as attorneys who are unwavering in their dedication to the interests of the class and unafraid to zealously prosecute a meritorious case through trial and subsequent appeals. In a case asserting claims based on complex legal and factual issues which were opposed by highly skilled and experienced defense counsel, Lead Counsel succeeded in securing a very good result for the Settlement Class under difficult and challenging circumstances.

For the reasons set forth herein and in the Joint Declaration, Lead Counsel respectfully submit that the attorneys' fees and expenses requested are fair and reasonable under the applicable legal standards and in light of the contingency risk undertaken, the diligent efforts of counsel, and the substantial and certain benefits obtained and therefore, should be awarded by the Court. Moreover, the expenses requested are reasonable in amount and were necessarily incurred for the successful prosecution of the Litigation.

## II.    AWARD OF ATTORNEYS' FEES

### A.    Lead Counsel Are Entitled to a Fee From the Common Fund They Obtained

For over a century, the Supreme Court has recognized the "common fund" exception to the general rule that a litigant bears his or her own attorneys' fees. *Trustees v. Greenough*, 105 U.S. 527 (1882). The rationale for the common fund principle was explained in *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980), as follows:

> [T]his Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole. . . . Jurisdiction over the fund involved in the litigation allows a court to prevent . . . inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit.

The purpose of this doctrine is to avoid unjust enrichment so that "those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*").

The common fund doctrine both prevents unjust enrichment and encourages counsel to protect the rights of those who have very small claims. The Supreme Court has emphasized that private actions provide "'a most effective weapon in the enforcement' of the securities laws and are

1    'a necessary supplement to [Securities and Exchange] Commission action.'" *Bateman Eichler, Hill*

2    *Richards, Inc. v. Berner*, 472 U.S. 299, 310 (1985) (quoting *J.I. Case Co. v. Borak*, 377 U.S. 426,

3    432 (1964)).

4         Federal courts therefore have long recognized that fee awards in successful cases, such as the

5    instant one, encourage the prosecution of other actions on behalf of individuals with valid claims,

6    and thereby promote private enforcement of, and compliance with, important areas of federal and

7    state law, including the federal securities laws. *See, e.g., Mashburn v. Nat'l Healthcare, Inc.*, 684 F.

8    Supp. 679, 687 (M.D. Ala. 1988) ("[C]ourts also have acknowledged the economic reality that in

9    order to encourage 'private attorney general' class actions brought to enforce the securities laws on

10   behalf of persons with small individual losses, a financial incentive is necessary to entice capable

11   attorneys, who otherwise could be paid regularly by hourly-rate clients, to devote their time to

12   complex, time-consuming cases for which they may never be paid.").[4]

13        In complex securities class actions, competent counsel for plaintiffs can be retained only on a

14   contingent basis.  Consequently, a large segment of the public would be denied a remedy for

15   violations of the securities laws if fees awarded by the courts did not fairly and adequately

16   compensate counsel for the services provided, the serious risks undertaken, and the delay before any

17   compensation is received.

18        **B.    The Court Should Award Attorneys' Fees Using the Percentage
             Approach**

19
         For their efforts in creating a common fund for the benefit of the Settlement Class, Lead
20
     Counsel seek as attorneys' fees a reasonable percentage of the fund recovered for the Settlement
21
     Class.  In recent years, the percentage-of-recovery method has become the prevailing method for
22
     awarding fees in common fund cases in this Circuit and throughout the United States.  A percentage
23

24

25   _____

26   [4]    *See also Ressler v. Jacobson*, 149 F.R.D. 651, 657 (M.D. Fla. 1992) ("Attorneys who bring
     class actions are acting as 'private attorneys general' and are vital to the enforcement of the
27   securities laws.  Accordingly, public policy favors the granting of counsel fees sufficient to reward
     counsel for bringing these actions and to encourage them to bring additional such actions.").

28

1  fee is desirable because it most fairly correlates the compensation of counsel to the benefit conferred

2  upon the class.

3      In *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984), the Supreme Court recognized that under

4  the "common fund doctrine" a reasonable fee may be based "on a percentage of the fund bestowed

5  on the class."[5]  In *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989), *Six*

6  *Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990), and *Torrisi v. Tucson*

7  *Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993), the Ninth Circuit expressly approved the use of the

8  percentage method in common fund cases.  Supporting authority for the percentage method in other

9  Circuits and by commentators is overwhelming.[6]

10      Since *Paul, Johnson* and its progeny, District Courts in this Circuit have almost uniformly

11  shifted to the percentage method in awarding fees in representative actions.  Compensating counsel

12  in common fund cases on a percentage basis makes good sense.  First, it is consistent with the

13  practice in the private marketplace where contingent fee attorneys are customarily compensated by a

14  percentage of the recovery.[7]  Second, it more closely aligns the lawyers' interest in being paid a fair

15

16  [5]      In contrast to common fund cases, the Supreme Court has always addressed the lodestar
17  method in the context of statutory fee shifting cases.

18  [6]      *See, e.g., In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*,
    56 F.3d 295, 307 (1st Cir. 1995); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d
19  768, 821-22 (3d Cir. 1995); *Rawlings v. Prudential-Bache Props.*, 9 F.3d 513, 515-17 (6th Cir.
    1993); *Florin v. Nationsbank, N.A.*, 34 F.3d 560, 564-65 (7th Cir. 1994); *Johnston v. Comerica*
20  *Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996); *WPPSS*, 19 F.3d at 1296; *Gottlieb v. Barry*, 43
    F.3d 474, 487 (10th Cir. 1994) (authorizing percentage approach and holding that use of
21  lodestar/multiplier method was abuse of discretion); *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d
    768, 774 (11th Cir. 1991) ("After reviewing *Blum*, the [Third Circuit] Task Force Report, and . . .
22  cases from other circuits, we believe that the percentage of the fund approach is the better reasoned
    in a common fund case."); *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993)
23  (percentage of the fund recovered is the only permissible measure of awarding fees in common fund
    cases).

24  [7]      Courts are encouraged to look to the private marketplace in setting a percentage fee:

25          The judicial task might be simplified if the judge and the lawyers bent their
26      efforts on finding out what the market in fact pays not for the individual hours but for
        the ensemble of services rendered in a case of this character.  This was a contingent
27      fee suit that yielded a recovery for the "clients" (the class members) of $45 million.
        The class counsel are entitled to the fee they would have received had they handled a
28      similar suit on a contingent fee basis, with a similar outcome, for a paying client.

1  fee with the interest of the class in achieving the maximum possible recovery in the shortest amount

2  of time.[8] Indeed, one of the nation's leading scholars in the field of class actions and attorneys' fees,

3  Professor Charles Silver of the University of Texas School of Law, has concluded that the

4  percentage method of awarding fees is the only method of fee awards that is consistent with class

5  members' due process rights.  Charles Silver, *Class Actions in the Gulf South Symposium: Due*

6  *Process and the Lodestar Method: You Can't Get There From Here*, 74 Tul. L. Rev. 1809 (June

7  2000).  Third, use of the percentage method decreases the burden imposed on the court by

8  eliminating the detailed and time-consuming lodestar analysis while assuring that the beneficiaries

9  do not experience undue delay in receiving their share of the settlement.  *See In re Activision Sec.*

10  *Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989).[9]

11

12

---

13  
14  [8]       Suppose a large investor had sued Continental for securities fraud, and won $45
million.  What would its lawyers have gotten pursuant to their contingent fee
contract?

15  *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992); *see also Phemister v. Harcourt Brace
Jovanovich, Inc.*, No. 77 C 39, 1984 U.S. Dist. LEXIS 23595, at *40-*43 (N.D. Ill. Sept. 14, 1984).

16  [8]

17              The contingent fee uses private incentives rather than careful monitoring to
align the interests of lawyer and client.  The lawyer gains only to the extent his client

18  gains. . . .  The unscrupulous lawyer paid by the hour may be willing to settle for a
lower recovery coupled with a payment for more hours.  Contingent fees eliminate

19  this incentive and also ensure a reasonable proportion between the recovery and the
fees assessed to defendants. . . .

20              At the same time as it automatically aligns interests of lawyer and client,

21  rewards exceptional success, and penalizes failure, the contingent fee automatically
handles compensation for the uncertainty of litigation.

22  *Kirchoff v. Flynn*, 786 F.2d 320, 325, 326 (7th Cir. 1986).

23  [9]       Professor Coffee argues that a percentage of the recovery is the only reasonable method of

24  awarding fees in common fund cases:

25              If one wishes to economize on the judicial time that is today invested in monitoring
class and derivative litigation, the highest priority should be given to those reforms

26  that restrict collusion and are essentially self-policing.  The percentage of the
recovery fee award formula is such a "deregulatory" reform because it relies on

27  incentives rather than costly monitoring.  Ultimately, this "deregulatory" approach is
the only alternative . . . .

28

1

### C.   A Percentage Fee of 25% of the Fund Created Is Reasonable in This Case

2

3
     In *Paul, Johnson*, the Ninth Circuit established 25% of the fund recovered as the

4
"benchmark" award for attorneys' fees.   886 F.2d at 272, *see also Torrisi*, 8 F.3d at 1376

5
(reaffirming 25% benchmark).   The guiding principle remains that a fee award be "'reasonable under

6
the circumstances.'"   *WPPSS*, 19 F.3d at 1296 (citation and emphasis omitted).   As demonstrated by

7
the numerous decisions cited in Appendix A attached hereto, a 25% fee is at or below the percentage

8
that has been repeatedly awarded by the courts in this Circuit and in numerous similar cases

9
throughout the country.   Here, in view of the risks faced and overcome, the excellent recovery

10
obtained for the Settlement Class under difficult circumstances, the quality of representation, and the

11
financial commitment of Lead Counsel, an award of 25% of the recovery obtained for the Settlement

12
Class is appropriate.   Consideration of the most pertinent factors recognized by courts in assessing

13
an attorneys' fee award supports granting counsel's request.

### 1.   The Result Achieved

14

15
     Courts have consistently recognized that the result achieved is a major factor to be

16
considered in making a fee award.   *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("most critical

17
factor is the degree of success obtained"); *In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 630 (D.

18
Colo. 1976) ("the amount of the recovery, and end result achieved are of primary importance, for

19
these are the true benefit to the client"); *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 547-48

20
(S.D. Fla. 1988) ("The quality of work performed in a case that settles before trial is best measured

21
by the benefit obtained."), *aff'd*, 899 F.2d 21 (11th Cir. 1990).

22
     Here, a certain and substantial recovery of $14,000,000.00 in cash has been obtained solely

23
through the efforts of Lead Counsel without the substantial expense, delay, risk, and uncertainty of

24
continued litigation and trial.[10]   The settlement is a very good result, particularly when considered in

25

26
John C. Coffee, Jr., *Understanding the Plaintiff's Attorney: The Implications of Economic Theory for Private Enforcement of Law Through Class and Derivative Actions*, 86 Colum. L. Rev. 669, 724-25 (May 1986).

27
[10]   Professor Conte acknowledged the propriety of reasonable fees in common fund cases:

28

view of the substantial risks and obstacles to recovery presented in this case if litigation were to continue against Defendants.  As a result of the settlement, Settlement Class Members will receive compensation for their losses in Dura Securities and avoid the substantial expense and uncertainty of continued litigation against the Defendants.

### 2. A 25% Fee Award Is Consistent With the Market Rate in Similar Complex, Contingent Litigation

Courts often look to fees awarded in comparable cases to determine if the fee requested is reasonable.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 n.4 (9th Cir. 2002).  As demonstrated by the decisions cited in Appendix A attached hereto, a 25% fee has been repeatedly awarded by the courts in this Circuit and District and in numerous other similar cases throughout the country.  The court in *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 998, 999 (D. Minn. 2005), after considering "cases from [the district of Minnesota], other districts, and [ ] attorney fee studies referenced in other cases," concluded that "this factor – comparison to other cases – supports the 25% requested [fee]."

The requested fee is also less than the average attorney-fee percentage granted as demonstrated by an analysis of fee awards in class actions conducted in 1996 by National Economic Research Associates ("NERA"), an economics consulting firm.  Using data from 433 shareholder class actions, the study reports on the central question of attorneys' fees: "Regardless of case size, fees average approximately 32 percent of the settlement."  Denise N. Martin, Vinita M. Juneja, Todd S. Foster, Frederick C. Dunbar, *Recent Trends IV: What Explains Filings and Settlements in Shareholder Class Actions?* at 12-13 (NERA Nov. 1996).  Specifically, NERA examined 433 settlements, including those in the $10-$49 million range, which is where this settlement falls.  There

---

[C]ourts have been careful to award a fully compensable reasonable fee based on the underlying economic inducement for class action lawyers to pursue potentially expensive or complex common fund class litigation.  These lawyers assume the risk of no compensation unless they successfully confer common fund benefits on the class, based on their reasonable expectation that they will share in the recovery in a fair proportion, in contrast to receiving a fee based initially on time-expended criteria that fail to give the ***results obtained*** factor primary consideration.

1 Alba Conte, *Attorney Fee Awards* §1.09, at 16 (2d ed. 1993) (emphasis in original).

were 76 settlements in this range, and the average attorney fee as a percentage of the settlement in those cases was 31.72%. *Id.* at Table 9. Of the 433 settlements, 155, or 35.8%, were in the Ninth Circuit. *Id.* at Table 12b. The average attorney fee as a percentage of the settlement in this Circuit was 32.57%. *Id.*

Moreover, if this were a non-representative litigation, the customary fee arrangement would be contingent, on a percentage basis, and in the range of 30% to 40% of the recovery. The Supreme Court in *Blum*, stated:

> In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers. In those cases, therefore, the fee is directly proportional to the recovery.

465 U.S. at 903* (citation omitted); *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("in private contingency fee cases, particularly in tort matters, plaintiffs' counsel routinely negotiate agreements providing for between thirty and forty percent of any recovery"); *In re M.D.C. Holdings Sec. Litig.*, No. CV 89-0090 E (M), 1990 U.S. Dist. LEXIS 15488, at *22 (S.D. Cal. Aug. 30, 1990) ("In private contingent litigation, fee contracts have traditionally ranged between 30% and 40% of the total recovery."); *Kirchoff*, 786 F.2d at 323 (40% contractual award if case went to trial); *Alpine Pharmacy v. Chas. Pfizer & Co.*, 481 F.2d 1045, 1051 (2d Cir. 1973) (32% fee recovery for settlement before trial); *McKenzie Constr., Inc. v. Maynard*, 823 F.2d 43, 48 n.5 (3d Cir. 1987) (33-1/3% contingent fee held reasonable).

### 3. The Contingent Nature of the Fee

Lead Counsel undertook this Litigation on a contingent fee basis, assuming a significant risk that the Litigation would yield no recovery and leave them uncompensated. Unlike counsel for Defendants, who are paid an hourly rate and paid for their expenses on a regular basis, Lead Counsel have not been compensated for any time or expense since this case began in January 1999. Courts have consistently recognized that the risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees. For example, in awarding counsel's attorneys' fees in *In re Prudential-Bache Energy Income P'ships*, No. 888, 1994 WL 202394, at *6 (E.D. La. May 18, 1994), the court noted the risks that plaintiffs' counsel had taken:

> Although today it might appear that risk was not great based on Prudential Securities' global settlement with the Securities and Exchange Commission, such

1    was not the case when the action was commenced and throughout most of the litigation. Counsel's contingent fee risk is an important factor in determining the fee
2    award. Success is never guaranteed and counsel faced serious risks since both trial and judicial review are unpredictable. Counsel advanced all of the costs of litigation,
3    a not insubstantial amount, and bore the additional risk of unsuccessful prosecution.

4    The Seventh Circuit recently confirmed that the risk of loss is real and should be considered in a

5    motion for attorneys' fees.  It reversed the district court's order that had rejected counsel's

6    contention that lawyers faced the risk of nonpayment. *Sutton v. Bernard*, 504 F.3d 688, 694 (7th Cir.

7    2007) ("Because the district court failed to provide for the risk of loss, the possibility exists that

8    Counsel, whose only source of a fee was a contingent one, was undercompensated.").

9              There are numerous cases where plaintiffs' counsel in contingent cases such as this, after the

10   expenditure of thousands of hours, have received no compensation.  Lead Counsel are aware of

11   many hard-fought lawsuits where, because of the discovery of facts unknown when the case was

12   commenced, or changes in the law during the pendency of the case, or a decision of a judge or jury

13   following a trial on the merits, excellent professional efforts of members of the plaintiffs' bar

14   produced no fee for counsel.  Two recent examples highlight this point.  In a case against JDS

15   Uniphase Corporation, after a lengthy trial involving securities claims, the jury reached a verdict in

16   defendants' favor. *See In re JDS Uniphase Corp. Sec. Litig.*, No. C 02-1486 CW, Verdict Questions

17   Form (N.D. Cal. Nov. 27, 2007).  While currently on appeal, in *In re Apollo Group, Inc. Sec. Litig.*,

18   No. CV 04-2147-PHX-JAT, 2008 U.S. Dist. LEXIS 61995 (D. Ariz. Aug. 4, 2008), the court on a

19   motion for judgment as a matter of law overturned a jury verdict of $277 million in favor of

20   shareholders based on insufficient evidence presented at trial to establish loss causation.  There are

21   many other appellate decisions affirming summary judgment and directed verdicts for defendants or

22   overturning jury verdicts in securities class actions.[11]

23

24   [11]    *See also Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215 (10th Cir. 1996) (Tenth Circuit
25   overturned securities fraud class action jury verdict for plaintiffs in case filed in 1973 and tried in
     1988 on the basis of 1994 Supreme Court opinion); *Backman v. Polaroid Corp.*, 910 F.2d 10 (1st
26   Cir. 1990) (where the class won a substantial jury verdict and motion for judgment n.o.v. was
     denied, on appeal the judgment was reversed and the case was dismissed – after 11 years of
27   litigation); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979) (multimillion
     dollar judgment reversed after lengthy trial); *Geffon v. Micrion Corp.*, 249 F.3d 29 (1st Cir. 2001);
28   *Greebel v. FTP Software, Inc.*, 194 F.3d 185 (1st Cir. 1999); *Green v. Nuveen Advisory Corp.*, 295

1   Because the fee in this matter was entirely contingent, the only certainties were that there

2   would be no fee without a successful result and that such a successful result would be realized only

3   after considerable and difficult effort and substantial expense.  Lead Counsel committed enormous

4   resources of both time and money to the vigorous and successful prosecution of this Litigation for

5   the benefit of the Settlement Class.  Few law firms could have devoted this kind of time and

6   financial resources to this Litigation.  In view of the skill of Defendants' counsel and the legal and

7   factual difficulties of this Litigation, the risk of never being compensated was real.  The contingent

8   nature of counsel's representation strongly favors approval of the requested fee.

9          **4.      The Risks of the Litigation and the Novelty and Difficulty of**
            **the Questions Presented**

10

11  Numerous cases have recognized that risk as well as the novelty and difficulty of the issues

12  presented are important factors in determining a fee award.  *E.g.*, *Vizcaino*, 290 F.3d at 1048;

13  *WPPSS*, 19 F.3d at 1299-1301; *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

14  Uncertainty that an ultimate recovery would be obtained is highly relevant in determining risk.

15  *WPPSS*, 19 F.3d at 1300.  As the court aptly observed in *King Resources*:

16          The litigation also involved unique and substantial issues of law in the
            technical area of SEC Rule 10b-5, . . .  difficult, complex and oft-disputed class
17          action questions, and difficult questions regarding computation of damages.

18                                            *  *  *

19          In evaluating the services rendered in this case, appropriate consideration
            must be given to the risks assumed by plaintiffs' counsel in undertaking the
20          litigation.  The prospects of success were by no means certain at the outset, and
            indeed, the chances of success were highly speculative and problematical.

21  _____

22  F.3d 738 (7th Cir. 2002); *In re Apple Computer Sec. Litig.*, No. C-84-20148(A)-JW, 1991 U.S. Dist.
    LEXIS 15608 (N.D. Cal. Sept. 6, 1991) (verdict against two individual defendants, but court vacated
23  judgment on motion for judgment notwithstanding the verdict); *In re Comshare Inc. Sec. Litig.*, 183
    F.3d 542 (6th Cir. 1999); *In re Digi Int'l, Inc. Sec. Litig.*, 14 Fed. Appx. 714 (8th Cir. 2001); *Levitin*
24  *v. Painewebber, Inc.*, 159 F.3d 698 (2d Cir. 1998); *Longman v. Food Lion, Inc.*, 197 F.3d 675 (4th
    Cir. 1999); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609 (4th Cir. 1999); *Robbins v. Koger Props.*, 116
25  F.3d 1441 (11th Cir. 1997) (Court of Appeals reversed a jury verdict of $81 million on loss
    causation grounds against an accounting firm after a 19-day trial in Jacksonville, Florida); *Shuster v.*
26  *Symmetricom, Inc.*, 35 Fed. Appx. 705 (9th Cir. 2002); *Silver v. H&R Block*, 105 F.3d 394 (8th Cir.
    1997); *Ward v. Succession of Freeman*, 854 F.2d 780 (5th Cir. 1988) (reversing plaintiffs' jury
27  verdict for securities fraud).

28

1    420 F. Supp. at 632, 636-37.

2        There is no question that from the outset, this Litigation presented a number of sharply

3    contested issues of both fact and law and that Lead Plaintiffs faced formidable defenses to liability

4    and damages.  As discussed in the Joint Declaration and the Settlement Brief, substantial risks and

5    uncertainties in this type of litigation, and in this case in particular, made it far from certain that a

6    recovery, let alone $14 million, would ultimately be obtained.  From the outset, this post-PSLRA

7    action was an especially difficult and highly uncertain securities case, with no assurance whatever

8    that the Litigation would survive Defendants' attacks on the pleadings, motions for summary

9    judgment, trial, and appeal.  Indeed, courts have recognized that "securities actions have become

10   more difficult from a plaintiff's perspective in the wake of the PSLRA."  *Ikon*, 194 F.R.D. at 194.

11   As one court noted: "An unfortunate byproduct of the PSLRA is that potentially meritorious suits

12   will be short-circuited by the heightened pleading standard."  *Bryant v. Avado Brands, Inc.*, 100 F.

13   Supp. 2d 1368, 1377 (M.D. Ga. 2000), *rev'd on other grounds and remanded sub nom. Bryant v.*

14   *Dupree*, 252 F.3d 1161 (11th Cir. 2001).[12]  The pleading requirements in private securities litigation

15   are very demanding and the Ninth Circuit's decision in *Silicon Graphics* established what is

16   commonly accepted to be the most stringent standards of any Circuit to pleading a §10(b) claim.

17       The application of the PSLRA to the Litigation posed significant risks to Lead Plaintiffs'

18   ability to survive the Defendants' motions to dismiss.[13]  In fact, subsequent to the passage of the

19   PSLRA, many cases in this Circuit and across the county have been dismissed at the pleading stage

---

20

21   [12]    Even before the passage of the PSLRA, courts had noted that a securities case "by its very
     nature, is a complex animal."  *Clark v. Lomas & Nettleton Fin. Corp.*, 79 F.R.D. 641, 654 (N.D.
22   Tex. 1978), *vacated on other grounds*, 625 F.2d 49 (5th Cir. 1980).  *See also Miller v. Woodmoor
     Corp.*, No. 74-F-988, 1978 U.S. Dist. LEXIS 15234, at *11-*12 (D. Colo. Sept. 28, 1978) ("The
23   benefit to the class must also be viewed in its relationship to the complexity, magnitude, and novelty
     of the case. . . . Despite years of litigation, the area of securities law has gained little predictability.
24   There are few 'routine' or 'simple' securities actions.").

25   [13]    *See* Elliott J. Weiss, Janet E. Moser, *Enter Yossarian: How to Resolve the Procedural Catch-
     22 that the Private Securities Litigation Reform Act Creates*, 76 Wash. U. L.Q. 457, 459 (1998)
26   (noting that the PSLRA made it more difficult to set forth a claim and survive a motion to dismiss);
     Eugene Zelensky, *New Bully on the Class Action Block –Analysis of Restrictions on Securities Class
27   Actions Imposed by the Private Securities Litigation Reform Act of 1995*, 73 Notre Dame L. Rev.
     1135 (May 1998).

28

1    in response to defendants' arguments that the complaints do not meet the PSLRA's heightened

2    pleading standards, thus making it clear that the risk of no recovery (and hence no fee) has increased

3    exponentially. *See, e.g., Goldstein v. MCI WorldCom*, 340 F.3d 238, 241 (5th Cir. 2003) (affirming

4    dismissal of securities fraud action against Bernard Ebbers and WorldCom even though Ebbers was

5    later convicted criminally for the same alleged conduct).   Indeed, the Court dismissed Lead

6    Plaintiffs' Second Amended Consolidated Complaint with prejudice.   Lead Plaintiffs' claims

7    survived Defendants' motions directed at the pleadings only after extensive appellate proceedings

8    before the Ninth Circuit Court of Appeals and the United States Supreme Court and additional

9    motion practice before this Court.

10         Although Lead Plaintiffs' claims ultimately got past the pleading stage, very difficult issues

11   of proof remained as to key elements of a claim for securities fraud. As discussed in more detail in

12   the Settlement Brief and Joint Declaration, the parties strongly disagree about liability and damages.

13   The Defendants would assert substantive defenses to Lead Plaintiffs' allegations and have denied

14   any wrongdoing.   As a result of the undecided legal and factual issues, as well as Defendants'

15   vigorous denial of any wrongdoing and the difficulty of proving claims based on events that

16   occurred more than ten years ago, it is quite possible that a jury may have sided with Defendants and

17   the Settlement Class would have recovered nothing. Given the inherent complexities of a securities

18   class action, the added difficulties faced in bringing cases under the PSLRA, and the riskiness of this

19   Litigation, the fee requested is fair.

20                     **5.    The Quality of the Representation**

21         The "'prosecution and management of a complex national class action requires unique legal

22   skills and abilities.'"  *In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.*, No. 02-ML-1475-

23   DT(RCx), 2005 U.S. Dist. LEXIS 13627, at \*39 (C.D. Cal. June 10, 2005) (citation omitted). Lead

24   Counsel are nationally known leaders in the fields of securities class actions and complex litigation.

25   The quality of the representation is demonstrated by the certain and substantial benefit achieved for

26   the Settlement Class and the efficient and effective prosecution and resolution of the Litigation

27   against Defendants under difficult and challenging circumstances. From the outset of this Litigation

28   over ten years ago, Lead Counsel engaged in a concerted effort to obtain the maximum recovery for

the Settlement Class. Lead Counsel spared no expense and marshaled considerable resources and time in the research, investigation, and uncovering of facts. Based upon Lead Counsel's diligent efforts on behalf of the Settlement Class and their skill and reputations, Lead Counsel were able to negotiate a highly favorable result under difficult and challenging circumstances. Such quality, efficiency, and dedication should be rewarded. *E.g., J. N. Futia Co. v. Phelps Dodge Indus., Inc.*, No. 78 Civ. 4547, 1982 U.S. Dist. LEXIS 15261 (S.D.N.Y. Sept. 17, 1982).

The quality of opposing counsel is also important when the court evaluates the services rendered by plaintiffs' counsel. *See, e.g., In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986); *King Res.*, 420 F. Supp. at 634; *Arenson v. Bd. of Trade*, 372 F. Supp. 1349, 1351 (N.D. Ill. 1974). Nationally known, prominent and extremely capable counsel from some of the most respected law firms in the country represented Defendants during the course of the Litigation. The ability of Lead Counsel to obtain a favorable result for the Settlement Class in the face of such formidable opposition further evidences the quality of their work.

**D.    Lead Counsel's Expenses are Reasonable and Were Necessarily Incurred to Achieve the Benefit Obtained**

Lead Counsel also request expenses incurred by counsel in connection with the prosecution of this Litigation. Lead Counsel have submitted separate detailed declarations with supporting attachments attesting to the accuracy of their expenses. Lead Counsel have incurred expenses in the aggregate amount of $910,684.39 in prosecuting this Litigation.

The appropriate analysis to apply in deciding which expenses are compensable in a common fund case of this type is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'") (citation omitted). *See also Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995) (expenses recoverable if customary to bill clients for them); *Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as

1    they 'were incidental and necessary to the representation' of those clients.") (citation omitted); *TBK*

2    *Partners, Ltd. v. Warshow*, No. 77 Civ. 972(JMC), 1977 U.S. Dist. LEXIS 13597, at *8 (S.D.N.Y.

3    Oct. 6, 1977) (court noted in securities action that "[o]f course, [plaintiffs' counsel] are also entitled

4    to reimbursement for their expenses"). The categories of expenses for which counsel seek payment

5    for are the type of expenses routinely charged to hourly clients and, therefore, should be paid out of

6    the common fund.

7         A significant component of Lead Counsel's expenses is the cost of experts, consultants, and

8    investigators. In the post-PSLRA era, the use of investigators to gather detailed fact-specific

9    information from percipient witnesses in order to plead complaints that will survive motions to

10   dismiss is a necessity. These in-house and private investigators conducted a substantial amount of

11   work on behalf of the Settlement Class. They were able to identify and locate numerous witnesses

12   who had knowledge of the alleged wrongdoing. Lead Counsel and/or their investigators interviewed

13   scores of witnesses including numerous former Dura employees with knowledge of Lead Plaintiffs'

14   allegations. Lead Counsel used the fruits of this extensive investigation to plead fact specific

15   complaints, identify additional witnesses with relevant information concerning the alleged

16   wrongdoing, evaluate the strengths and weaknesses of Lead Plaintiffs' case, and assist in settlement

17   negotiations. The investigators were instrumental in helping Lead Plaintiffs achieve this result for

18   the benefit of the Settlement Class.

19        Lead Counsel also incurred expenses of in-house and independent outside economic and

20   damage consultants. These consultants performed several important tasks for counsel, including

21   calculating shares available to trade and preliminary damage analyses under different scenarios.

22   They also reviewed and analyzed SEC filings for insider selling and vesting options to determine the

23   extent and amount of the number of shares sold during the Settlement Class Period by each

24   individual defendant; researched Dura's stock price activity and compared it with other companies in

25   its peer group in preparing damage analyses; prepared stock price charts for use in the complaints,

26   proceedings before the Supreme Court, and at mediation; and prepared the Plan of Allocation of

27   settlement proceeds. These consultants provided significant services on behalf of the Settlement

28   Class and their expenses were necessarily incurred for the successful prosecution of this Litigation.

1  Expenses were also incurred for in-house forensic accounting experts who assisted Lead Counsel in

2  understanding Dura's accounting, the accounting documents produced by Dura, drafting the

3  accounting allegations, and understanding successor liability issues as a result of Dura's merger into

4  Elan Pharmaceuticals, Inc.

5        Other expenses include the costs of computerized research.  These are the charges for

6  computerized factual and legal research services including LEXIS, Westlaw, Dow Jones, Disclosure,

7  Inc., CDA Investment Technologies, Pacer Service Center, and Choice Point.  It is standard practice

8  for attorneys to use these services to assist them in researching legal and factual issues.  These

9  services allowed counsel to access Dura's SEC filings, perform media searches on Dura, obtain

10 analysts' reports on Dura, assist in developing Lead Plaintiffs' damage analyses, and allowed the

11 investigators to locate and obtain information on witnesses and Defendants.

12       Other expenses that were necessarily incurred in the prosecution of this Litigation include

13 expenses for photocopying, mediation, travel, filing and witness fees, postage and overnight

14 delivery, and telephone and telecopier expenses.

15 **III.    CONCLUSION**

16       For all of the foregoing reasons, Lead Counsel respectfully submit that the requested

17 attorneys' fees and expenses (with interest) are fair and reasonable and, accordingly, should be

18 awarded by the Court.

19 DATED:  October 19, 2009              Respectfully submitted,

20                                       COUGHLIN STOIA GELLER
                                         RUDMAN & ROBBINS LLP
21                                       PATRICK J. COUGHLIN
                                         HENRY ROSEN
22                                       TOR GRONBORG
                                         JEFFREY D. LIGHT
23                                       JENNIFER Y. LAI

24

25                                              s/Jeffrey D. Light
                                         JEFFREY D. LIGHT
26
                                         655 West Broadway, Suite 1900
27                                       San Diego, CA  92101
                                         Telephone:  619/231-1058
28                                       619/231-7423 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
DAVID R. STICKNEY
NIKI L. MENDOZA
MATTHEW P. JUBENVILLE
TAKEO A. KELLAR


                s/Niki L. Mendoza
                NIKI L. MENDOZA

12481 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:  858/793-0070
858/793-0323 (fax)

COHEN MILSTEIN SELLERS
  & TOLL PLLC
DANIEL S. SOMMERS
MATTHEW B. KAPLAN
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone:  202/408-4600
202/408-4699 (fax)

Co-Lead Counsel for Plaintiffs

S:\Settlement\Dura.set\BRF FEE 00062339.doc

99-CV-0151-L(WMC)

**APPENDIX A**

Cases In Which Award Of Fees
Equalled Or Exceeded 25% Of The Fund Plus Expenses

1.   *Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.*, 480 F. Supp. 1195 (S.D.N.Y. 1979) (fee equal to 53.2% of recovery, plus costs);

2.   *Lewis v. Musham*, [1981 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,946 (S.D.N.Y. 1981) (fee equal to 49% of total recovery);

3.   *Sharp v. Coopers & Lybrand*, No. 75-1313 (E.D. Pa. July 2, 1981) (fee equal to 47.95% of recovery, plus expenses);

4.   *Abzug v. Kerkorian*, No. CA000981 (Los Angeles Sup. Ct. 1990) (fee equal to 45% of recovery, plus expenses);

5.   *Green v. Emersons, Ltd.*, [1987 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶93,263 (S.D.N.Y. 1987) (42.6% of the fund, plus expenses);

6.   *Levitin v. A Pea in the Pod, Inc.*, Civil Action No. 3:94-CV-0247D (N.D. Tex. Mar. 27, 1998) (fee award equal to 40% of recovery, plus expenses);

7.   *Haitz v. Meyer*, No. 572968-3 (Alameda County Sup. Ct. Aug. 20, 1990) (fee award equal to 40% of recovery, plus expenses);

8.   *In re Atlantic Financial Management, Inc. Sec. Litig.*, MDL No. 584 (D. Mass. May 9, 1989) (fee equal to 40% of recovery, plus expenses);

9.   *Valente v. Pepsico, Inc.*, [1979 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96,921 (D. Del. 1979) (fee and expense award equal to 38.8% of total recovery);

10.  *Weinberger v. Jackson*, C-89-2301-CAL (N.D. Cal. March 19, 1991) (fee equal to 37% of recovery, plus expenses);

11.  *Van Gemert v. Boeing Co.*, 516 F. Supp. 412 (S.D.N.Y. 1981) (fee and expense award equal to 36.2% of total recovery);

12.  *Adams v. Standard Knitting Mills, Inc.*, [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96,377 (E.D. Tenn. 1978) (fee and expense award equal to 35.8% of recovery);

13.  *Baron v. Commercial & Industrial Bank of Memphis*, [1979-1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,132 (S.D.N.Y. 1979) (fee and expense award equal to 35.5% of total recovery);

14.  *B&B Inv. Club v. Kleinert's Inc.*, No. 73-642 (E.D. Pa. 1978) (fee and expense award equal to 35.1% of total recovery);

15.  *Yourish v. California Amplifier, Inc.*, Lead Case No. CIV173569 (Ventura County Sup. Ct. Sept. 14, 2000) (fee equal to 35% of recovery, plus expenses);

16.    *Seaman v. Pratt*, No. 620887 (Orange County Sup. Ct. April 29, 1997) (fee equal to 35% of recovery, plus expenses);

17.    *Harris v. Brinkerhoff*, No. 90-3100-DT(JRx) (C.D. Cal. Feb. 21, 1995) (fee equal to 35% of recovery, plus expenses);

18.    *In re Consolidated Pinnacle West Sec. Litig./Resolution Trust Corporation-MeraBank Litig.*, Master File No. CIV-88-1830-PHX-PAR (D. Ariz. Dec. 30, 1993) (fee equal to 35% of recovery, plus expenses);

19.    *Goldman v. Belzberg*, Case No. C-754698 (Cal. Sup. Ct., L.A. County Nov. 30, 1993) (fee equal to 35% of recovery, plus expenses);

20.    *Lou v. Zax*, Case No. BC015017 (Cal. Sup. Ct., L.A. County Sept. 17, 1993) (fee equal to 35% of recovery, plus expenses);

21.    *Unocal Corporation v. Milken*, No. 90-1281-JSL(Tx) (C.D. Cal. Jan. 3, 1992) (fee equal to 35% of recovery, plus expenses);

22.    *In re De Laurentiis Entertainment Group Inc. Sec. Litig.*, Master File No. CV-88-01582-MRP(Bx) (C.D. Cal. Nov. 14, 1991) (fee equal to 35% of total recovery, plus expenses);

23.    *Cooper v. Hwang*, No. C-86-20146-WAI (N.D. Cal. March 5, 1991) (fee equal to 35% of total recovery, plus expenses);

24.    *In re FPI/Agretech Sec. Litig.*, MDL No. 763 (D. Haw. Dec. 11, 1990) (fee award equal to 35% of total fund, plus expenses);

25.    *A&J Deutscher Family Fund v. Pacific Scientific Co.*, CV-85-1850-PAR(JRx) (C.D. Cal. June 16, 1989) (fee equal to 35% of recovery, plus expenses);

26.    *Steiner v. Whittaker Corporation*, CA000817 (Los Angeles County Sup. Ct. March 23, 1989) (fee equal to 35% of recovery, plus expenses);

27.    *Shore v. Parklane Hosiery Co.*, [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,602 (S.D.N.Y. 1980) (fee equal to 35% of total recovery);

28.    *Plascow v. Clausing Corp.*, [1982-1983 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶99,228 (S.D.N.Y. 1983) (fee equal to 34% of recovery, plus expenses);

29.    *In re Apple Computer Sec. Litig.*, Master File No. C-84-20148(a)-JW (N.D. Cal. March 30, 1992) (fee equal to approximately 34% of total recovery, plus expenses);

30.    *In re Van der Moolen Holding N.V. Sec. Litig.*, No. 1:03-CV-8284 (S.D.N.Y. Dec. 6, 2006) (fee equal to 33-1/3% of recovery, plus expenses);

31.    *Wade v. Bayer AG, et al.*, No. CT-004748-06 (Shelby County, Tenn. Cir. Ct. Dec. 7, 2006) (awarded 33-1/3% of recovery, plus expenses);

32.   *In re Interpool, Inc. Sec. Litig.*, No. 3:04-cv-00321-SRC (D.N.J. Sept. 9, 2006) (awarded 33-1/3% of recovery, plus expenses);

33.   *Denver Area Meat Cutters and Employers Pension Plan v. James L. Clayton, et al.*, Case No. E-19723 (Blount County Tenn. June 8, 2005) (fee award equal to 33-1/3% of recovery, plus expenses);

34.   *Lezin v. MiniMed, Inc., et al.*, Case No. BC251832 (Los Angeles Super. Ct. Aug. 10, 2004) (received fee of 33-1/3% of the fund, plus expenses);

35.   *Franks v. Cheap Tickets, Inc., et al.*, Civil No. 01-1-2376-08-DDD (1st Cir. Haw. July 2, 2004 (fee equal to 33-1/3% of the fund, plus expenses);

36.   *Stenovich v. Eccles*, No. 000907870 (Utah State Ct., Salt Lake County July 28, 2003) (fee equal to 33-1/3% of total recovery, plus expenses);

37.   *In re Select Comfort Corp. Sec. Litig.*, Master File No. 99-884 (D. Minn. Feb. 28, 2003) (fee equal to 33-1/3% of total recovery, plus expenses);

38.   *In re InaCom Corp. Sec. Litig.*, Master File No. 00-701 (D. Del. Jan 14, 2003) (fee equal to 33-1/3% of total recovery, plus expenses);

39.   *In re APAC Teleservices Inc. Sec. Litig.*, No. 97-CIV-9145(BJS) (S.D.N.Y. Dec. 11, 2001) (fee equal to 33-1/3% of total recovery, plus expenses);

40.   *In re DrKoop.com*, No. 00-CA-427-JRN (W.D. Tex. Nov. 14, 2001) (fee equal to 33-1/3% of total recovery, plus expenses);

41.   *Saddle Rock Partners, Ltd. v. Hiatt*, No. 96-CIV-9474(SHS) (S.D.N.Y. Apr. 12, 2001) (fee equal to 33-1/3% of total recovery, plus expenses);

42.   *Muhr v. PriceWaterhouseCoopers LLP*, Case No. 98-761-H (Neb. State Ct., Scotts Bluff County, Mar. 29, 2001) (fee equal to 33-1/3% of total recovery, plus expenses);

43.   *Levanthal v. Tow.* Case No. 3:97-CV-21642-DJS (D. Conn. Jan 31, 2001) (fee equal to 33-1/3% of total recovery, plus expenses);

44.   *Branca v. Paymentech, Inc.*, No. 3:97-CV-2507-L (N.D. Tex. Jan. 4. 2001) (fee equal to 33-1/3% of total recovery, plus expenses);

45.   *In re Schein Pharmaceutical, Inc. Sec. Litig.*, Master Docket No. 98-4311(JCL) (D.N.J. Dec. 7, 2000) (fee equal to 33-1/3% of total recovery, plus expenses);

46.   *In re Future Healthcare Sec. Litig.*, Master File No. C-1-95-180 (S.D. Ohio Nov. 28, 2000) (fee equal to 33-1/3% of total recovery, plus expenses);

47.   *In re Cityscape Financial Corp. Sec. Litig.*, MDL Docket No. 1234 (E.D.N.Y. Nov. 27, 2000) (fee equal to 33-1/3% of total recovery, plus expenses);

48.   *Wagnerman v. Vassiliades*, Docket o. BUR-L-02401-96 (New Jersey Sup. Ct. Oct. 30, 2000)  (fee equal to 33-1/3% of total recovery, plus expenses);

49.   *Provenz v. Miller*, No. C-92-20159-RMW(EAI) (N.D. Cal. Aug. 23, 1999) (fee equal to 33-1/3% of total recovery, plus expenses);

50.   *In re PNC Bank Corp. Sec. Litig.*, No. 94-1961 (W.D. Pa. Sept. 25, 1998) (fee equal to 33-1/3% of total recovery, plus expenses);

51.   *Gordon v. American Adjustable Rate Term Trust*, Civil No. 4-95-666 (D. Minn. Sept. 3, 1996) (fee equal to 33-1/3% of total recovery, plus expenses);

52.   *In re Olicom Sec. Litig.*, Master File No. 3:94-CV-0511-D (N.D. Tex. Aug. 30, 1996) (fee equal to 33-1/3% of total recovery, plus expenses);

53.   *In re ZZZZ Best Sec. Litig.*, No. CV-87-3574-RSWL(Bx) (C.D. Cal. Jan. 23, 1995) (fee equal to 33-1/3% of total recovery, plus expenses);

54.   *In re Xytronyx Sec. Litig.*, Master File No. 92-194-IEG(CM) (S.D. Cal. June 15, 1994) (fee equal to 33-1/3% of recovery, plus expenses);

55.   *Snyder v. Oneok Inc.*, Civil No. 88-C-1500E (N.D. Okla. Nov. 1, 1993) (fee equal to 33-1/3% of recovery, plus expenses);

56.   *In re Rykoff-Sexton Sec. Litig.*, Master File No. CV-90-0689-DT(Tx) (C.D. Cal. Dec. 30, 1991) (fee equal to 33-1/3% of recovery, plus expenses);

57.   *In re New World Entertainment Sec. Litig.*, Master File No. 88-06260-MRP(Kx) (C.D. Cal. Oct. 7, 1991) (fee equal to 33-1/3% of recovery, plus expenses);

58.   *In re Seagate Technology Sec. Litig.*, Master File No. C-84-20756(A)-WAI (N.D. Cal. Aug. 14, 1991) (fee equal to 33-1/3% of total recovery, plus expenses);

59.   *Mirochnick v. Glasky*, Civ. No. 86-6145-JMI(Px) (C.D. Cal. July 1, 1991) (fee equal to 33-1/3% of recovery, plus expenses);

60.   *In re Digital Sound Corporation Sec. Litig.*, Master File No. 90-3533-MRP(Bx) (C.D. Cal. April 8, 1991) (fee equal to 33-1/3% of total recovery, plus expenses);

61.   *Teichler v. DSC Communications Corp.*, CA 3-85-2005-T (N.D. Tex. 1990) (fee equal to 33-1/3% of recovery, plus expenses);

62.   *Lee v. Steloff*, Civ. No. 88-00811-HLH(GHKx) (C.D. Cal. Jan. 26, 1990) (fee equal to 33-1/3% of recovery, plus expenses);

63.   *Paul v. Western Health Plans, Inc.*, C-88-1182-K(M) (S.D. Cal. 1989) (fee equal to 33-1/3% of total recovery, plus expenses);

64.   *Draney v. Wilson, Morton, Assaf & McElligott*, [1985-1986 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶92,360 (D. Ariz. 1985) (fee equal to 33-1/3% of recovery, plus expenses);

65.     *Schultz v. Applica, Inc.*, No. 06-60149-CIV (S.D. Fla. Jan. 15, 2008) (fee equal to 33% of recovery, plus expenses);

66.     *In re Canadian Superior Energy Inc. Sec. Litig.*, Master File No. 04-CV-02020(RO) (S.D.N.Y. Oct. 19, 2005) (fee award equal to 33% of recovery, plus expenses);

67.     *Thomas & Thomas Rodmakers Inc., et al. v. Newport Adhesives and Composites, Inc., et al.*, Case No. CV-99-07796-FMC(RNBx) (C.D. Cal. Oct. 17, 2005) (fee award equal to 33% of recovery, plus expenses);

68.     *In re U.S. Interactive, Inc. Sec. Litig.*, Case No. 01-CV-522 (E.D. Pa. Oct. 20, 2003) (fee equal to 33% of total recovery, plus expenses);

69.     *Retsky v. Price Waterhouse*, No. 97-C-7694 (N.D. Ill. Jan. 30, 2002) (fee equal to 33% of total recovery, plus expenses);

70.     *In re Lifescan, Inc. Consumer Litigation*, Case No. C-98-20321-JF (N.D. Cal. Mar. 18, 2002) (fee equal to 33% of total recovery, plus expenses);

71.     *In re Reliance Sec. Litig.*, MDL Docket No. 1304 (D. Del. Feb. 8, 2002) (fee equal to 33% of total recovery, plus expenses);

72.     *In re General Instrument Sec. Litig.*, No. 01-3051 (E.D. Pa. Dec. 28, 2001) (fee equal to 33% of total recovery, plus expenses);

73.     *Adams v. Amplidyne*, No. 99-4468(MLC) (D.N.J. Aug. 14, 2001) (fee equal to 33% of total recovery, plus expenses);

74.     *Sprague v. Qualcomm, Inc.*, Case No. 730565 (San Diego Sup. Ct. Apr. 23, 2001) (fee equal to 33% of total recovery, plus expenses);

75.     *Klein v. King*, Civ. No. C-88-3141-FMS (N.D. Cal. May 10, 1993) (fee equal to 33% of recovery, plus expenses);

76.     *In re Public Service Company of New Mexico*, [1992 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96,988 (S.D. Cal. 1992) (fee equal to 33% of total recovery, plus expenses);

77.     *Malanka v. De Castro*, [1990-1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶95,657 (D. Mass. 1990) (fee equal to 33% of total recovery, plus expenses);

78.     *In re Fiddler's Woods Bondholders Litig.*, [1987-1988 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶93,537 (E.D. Pa. 1987) (fee equal to 32.7% of recovery, plus expenses);

79.     *Morales v. Geothermal Resources Int'l, Inc.*, [1981 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶98,038 (S.D.N.Y. 1981) (fee equal to 31.75% of recovery, plus expenses);

80.     *Kronfeld v. Transworld Airlines, Inc.*, 129 F.R.D. 598 (S.D.N.Y. 1990) (fee equal to 31.2% of recovery, plus expenses);

81.    *In re Triton Energy Ltd. Sec. Litig.*, No. 5-98-CV-256 (E.D. Tex. Sept. 23, 2002) (fee equal to 31% of recovery, plus expenses);

82.    *Aviva Partners LLC v. Exide Techs.*, No. 3:05-cv-03098-MLC-LHG (D.N.J. June 23, 2009) (awarded 30% of the recovery, plus expenses);

83.    *W. Pa. Elec. Employees Pension Fund v. Candela Corp.*, No. 1:08-cv-10551-DPW (D. Mass. June 23, 2009) (awarded 30% of the recovery, plus expenses);

84.    *Crowell v. Mannatech, Inc.*, No. 3:07-cv-00238-K (N.D. Tex. Mar. 10, 2009) (awarded 30% of the recovery, plus expenses);

85.    *In re LaBranche Sec. Litig.*, No. 03-CV-8201(RWS) (S.D.N.Y. Jan. 22, 2009) (awarded 30% of the recovery, plus expenses);

86.    *In re OSI Pharm., Inc. Sec. Litig.*, No. 2:04-CV-05505-JS-WDW (E.D.N.Y. Aug. 22, 2008) (awarded 30% of the recovery, plus expenses);

87.    *In re ChoicePoint, Inc. Sec. Litig.*, No. 1:05-CV-00686-JTC (N.D. Ga. July 21, 2008) (awarded 30% of recovery, plus expenses);

88.    *Cement Masons & Plasters Joint Pension Trust v. TNS Inc.*, No. 1:06-cv-00363-CMH-BRP (E.D. Va. June 20, 2008) (awarded 30% of recovery, plus expenses);

89.    *Croker v. Carrier Access Corp.*, No. 1:05-cv-01011-LTB-OES (D. Colo. Jan. 25, 2008) (fee equal to 30% of recovery, plus expenses);

90.    *In re UICI Sec. Litig.*, No. 3:04-CV-1149-P (N.D. Tex. Jan. 23, 2008) (fee equal to 30% of recovery, plus expenses);

91.    *In re Terayon Commc'n Sys., Inc. Sec. Litig.*, No. C-00-1967-MHP (N.D. Cal. Oct. 3, 2007) (awarded 30% of recovery, plus expenses);

92.    *In re aaiPharma Inc. Sec. Litig.*, No. 7:04-CV-27-D (E.D. N.C. Oct. 2, 2007) (awarded 30% of the recovery, plus expenses);

93.    *In re Acclaim Entm't Sec. Litig.*, No. 2:03-CV-1270(JS)(ETB) (E.D.N.Y. Oct. 2, 2007) (awarded 30% of the recovery, plus expenses);

94.    *In re Odimo, Inc. Sec. Litig.*, No. 0512500 (Broward County Fla. Super. Ct. Sept. 25, 2007) (awarded 30% of the recovery, plus expenses);

95.    *In re Direct Gen. Corp. Sec. Litig.*, No. 3:05-0077 (M.D. Tenn. July 20, 2007) (awarding 30% of the recovery, plus expenses);

96.    *In re eMachines, Inc. Merger Litig.*, No. 01-CC-00156 (Orange County Super. Ct. July 25, 2007) (awarded 30% of recovery, plus expenses);

97.    *Underwood, et al. v. Lampert, et al.*, No. 1:02-cv-21154-CMA/Turnoff (S.D. Fla. Jan. 29, 2007) (awarded 30% of recovery, plus expenses);

98.   *The Takara Trust v. Molex Incorporated, et al.*, No. 05-C-1245 (N.D. Ill. Mar. 1, 2007) (awarded 30% of recovery, plus expenses);

99.   *In re AMERCO Sec. Litig.*, No. 04-2182-PHX-RJB (D. Ariz. Nov. 2, 2006) (awarded 30% of recovery; plus expenses);

100.  *Greater Pennsylvania Carpenters Pension Fund v. Whitehall Jewellers, Inc., et al.*, No. 04 C 1107 (N.D. Ill. July 24, 2006) (awarding 30% of recovery, plus expenses);

101.  *In re Stellent, Inc. Sec. Litig.*, Master File No. CV-03-4384 RHK/AJB (D. Minn. Nov. 16, 2005) (fee equal to 30% of recovery, plus expenses);

102.  *In re Descartes Systems Group, Inc. Sec. Litig.*, Master File No. 04 Civ. 3793(LTS)(MHD) (S.D.N.Y. Sept. 16, 2005) (fee award equal to 30% of the fund, plus expenses);

103.  *Brody v. Hellman*, Case No. 00-CV-4142 (City & County Denver Colo. Aug. 30, 2005) (fee equal to 30% of recovery, plus expenses);

104.  *In re Daisytek International Litig.*, Master Docket No. 4:03-CV-212 (E.D. Tex. July 20, 2005) (fee equal to 30% of recovery, plus expenses);

105.  *In re Novell, Inc. Sec. Litig.*, Case No. 2:99-CV-995 TC (D. Utah May 26, 2005) (fee equal to 30% of recovery, plus expenses);

106.  *Deckler v. Ionics, Inc., et al.*, No. 03-CV-10393-WGY (D. Mass. Apr. 4, 2005) (fee equal to 30% of recovery, plus expenses);

107.  *Southland Securities Corporation v. INSpire Insurance Solutions, Inc.*, No. 4:00-CV-355y (N.D. Tex. Mar. 9, 2005) (fee equal to 30% of recovery, plus expenses);

108.  *Steinbeck v. Sonic Innovations, Inc., et al.*, Case No. 2:00-CV-848-PGC (D. Utah May 25, 2004 (received fee of 30% of the fund, plus expenses);

109.  *Broderick v. Mazur (PHP Healthcare)*, No. CV-98-1658-MRP(AJWx) (C.D. Cal. Apr. 27, 2004) (fee equal to 30% of recovery, plus expenses);

110.  *Ronconi v. Larkin*, Case No. 767087-5 OV (Alameda County Super. Ct. Jan. 6, 2004) (fee equal to 30% of recovery, plus expenses);

111.  *In re FirstPlus Financial Group, Inc.*, Master File No. 3:98-CV-2551-M (N.D. Tex. Oct. 14, 2003) (fee equal to 30% of recovery, plus expenses);

112.  *In re MTI Technology Corp. Sec. Litig.*, Master File No. SACV-00-745-DOC(ANx) (C.D. Cal. July 28, 2003) (fee equal to 30% of recovery, plus expenses);

113.  *Harris v. Intel Corp.*, No. C-00-1528-CW(EMC) (N.D. Cal. July 15, 2003) (fee equal to 30% of recovery, plus expenses);

114. *In re THQ, Inc. Sec. Litig.*, Master File No. CV-00-01783-JFW(Ex) (C.D. Cal. June 23, 2003) (fee equal to 30% of recovery, plus expenses);

115. *In re HI/FN Sec. Litig.*, Master File No. C-99-4531-SI (N.D. Cal. May 21, 2003) (fee equal to 30% of recovery, plus expenses);

116. *In re ATI Technologies, Inc. Sec. Litig.*, No. 01-2541 (E.D. Pa. Apr. 28, 2003) (fee equal to 30% of recovery, plus expenses);

117. *Rasachack v. First Alliance Corp.*, Case No. 796083 (Orange County Sup. Ct. Apr. 3, 2003) (fee equal to 30% of recovery, plus expenses);

118. *In re Lason, Inc. Sec. Litig.*, No. 99-CV-76079 (E.D. Mich. Mar. 31, 2003) (fee equal to 30% of recovery, plus expenses);

119. *Reagan v. Smart Modular Technologies, Inc.*, Case No. H204162-5 (Alameda County Sup. Ct. Mar. 13, 2003) (fee equal to 30% of recovery, plus expenses);

120. *Warstadt v. Hastings Entertainment, Inc.*, Civil Action No. 2:00-CV-089-J (N.D. Tex. March 10, 2003) (fee equal to 30% of recovery, plus expenses);

121. *Silver v. UICI*, No. 3:99CV2860-L (N.D. Tex. Mar. 3, 2003) (fee equal to 30% of recovery, plus expenses);

122. *Bryant v. Avado Brands, Inc.*, Civil Action No. 3:97-CV-83(DF) (M.D. Ga. Jan. 27, 2003) (fee equal to 30% of recovery, plus expenses);

123. *In re Advanced Lighting Technologies, Inc. Sec. Litig.*, Master File No. 1:99CV836 (N.D. Ohio Jan 27, 2003) (fee equal to 30% of recovery, plus expenses);

124. *Steele v. Electronics for Imaging, Inc.*, Lead Case No. 403099 (San Mateo County Sup. Ct. Dec. 20, 2002) (fee equal to 30% of recovery, plus expenses);

125. *In re Micro Focus Sec. Litig.*, Master File No. C-01-1352-SBA (N.D. Cal. Dec. 17, 2002) (fee equal to 30% of recovery, plus expenses);

126. *Berger v. Compaq Computer Corp.*, No. 98-1148 (N.D. Tex. Nov. 22, 2002) (fee equal to 30% of recovery, plus expenses);

127. *In re Secure Computing Corp. Sec. Litig.*, Master File No. C-99-1927-CW (N.D. Cal. Nov. 19, 2002) (fee equal to 30% of recovery, plus expenses);

128. *California Consumers v. SCI California Funeral Services, Inc.*, Case No. 35035 (Lake County Sup. Ct. Sept. 30, 2002) (fee equal to 30% of recovery, plus expenses);

129. *Rosenberg v. Hybrid Networks, Inc.*, No. C-98-20956-RMW (N.D. Cal. Sept. 17, 2002) (fee equal to 30% of recovery, plus expenses);

130. *In re VisionAmerica, Inc. Sec. Litig.*, Master File No. 3-00-0279 (M.D. Tenn. Aug. 26, 2002) (fee equal to 30% of recovery, plus expenses);

131. *Sinay v. Boron Lepore & Associates, Inc.*, No. 99-2231(DRD) (D.N.J. June 18, 2002) (fee equal to 30% of recovery, plus expenses);

132. *In re Landry's Seafood Restaurants, Inc. Sec. Litig.*, Master File No. H-99-1948 (S.D. Tex. June 13, 2002) (fee equal to 30% of recovery, plus expenses);

133. *Goldberg v. Storm Technology, Inc.*, Case No. CV764797 (Santa Clara County Sup. Ct. May 17, 2002) (fee equal to 30% of recovery, plus expenses);

134. *Karlin v. Alcatel, Inc.*, No. SACV-00-214-DOC(EEx) (C.D. Cal. Apr. 29, 2002) (fee equal to 30% of recovery, plus expenses);

135. *Pass v. Huh*, Case No. CV758927 (Santa Clara County Sup. Ct. Apr. 9, 2002) (fee equal to 30% of recovery, plus expenses);

136. *In re S3 Sec. Litig.*, Master File No. CV770003 (Santa Clara County Sup. Ct. Apr. 8, 2002) (fee equal to 30% of recovery, plus expenses);

137. *Lone Star Ladies Investment Club, A Texas General Partnership v. Schlotzsky's Inc.*, Civil Action No. A-98-CA-550-JN (W.D. Tex. Apr. 2, 2002) (fee equal to 30% of recovery, plus expenses);

138. *Garza v. J.D. Edwards & Co.*, Civil Action No. 99-N-1744 (D. Colo. Mar. 21, 2002) (fee equal to 30% of recovery, plus expenses);

139. *In re CHS Electronics, Inc. Sec. Litig.*, No. 99-8186-CIV-Gold/Simonton (S.D. Fla. Mar. 1, 2002) (fee equal to 30% of recovery, plus expenses);

140. *In re P-Com, Inc. Sec. Litig.*, Master File No. CV776853 (Santa Clara County Sup. Ct. Feb. 8, 2002) (fee equal to 30% of recovery, plus expenses);

141. *Thompson v. Webb*, Cause No. 98-371-D (Texas State Ct. Jan. 25, 2002) (fee equal to 30% of recovery, plus expenses);

142. *In re Silicon Graphics, Inc. II Sec. Litig.*, Master File No. C-97-4362-SI (N.D. Cal. Jan 3, 2002) (fee equal to 30% of recovery, plus expenses);

143. *di Giacomo v. Plains All American Pipeline*, Civil Action No. H-99-4137 (S.D. Tex. Dec. 19, 2001) (fee equal to 30% of recovery, plus expenses);

144. *In re Vesta Insurance Group, Inc. Sec. Litig.*, Master File No. No. CV-98-W-1407-S (N.D. Ala. Dec. 10, 2001) (fee equal to 30% of recovery, plus expenses);

145. *Keeley v. Dean Witter Reynolds, Inc.*, Master Case File No. 737787 (Orange County Sup. Ct. Dec. 10, 2001) (fee equal to 30% of total recovery, plus expenses);

146. *Strausz v. Geschke*, Case No. CV755730 (Santa Clara County Sup. Ct. Aug. 24, 2001) (fee equal to 30% of total recovery, plus expenses);

147. *Cooper v. Weinstein*, Civ. No. CV-96-10799 (Maricopa County Sup. Ct. Aug. 17, 2001 (fee equal to 30% of total recovery, plus expenses);

148. *In re Unistar Financial Service Corp. Sec. Litig.*, Master File No. 3:99-CV-1857-M (N.D. Tex. Aug. 17, 2001) (fee equal to 30% of total recovery, plus expenses);

149. *Jonas v. Aspec Technology, Inc.*, No. CV775037 (Santa Clara County Sup. Ct. Aug. 17, 2001) (fee equal to 30% of total recovery, plus expenses);

150. *In re PLC Systems, Inc. Sec. Litig.*, No. 97-11737-RGS (D. Mass. Feb. 9, 2001) (fee equal to 30% of total recovery, plus expenses);

151. *In re Prison Realty Sec. Litig.*, No. 3:99-0452 (M.D. Tenn. Feb. 9, 2001) (fee equal to 30% of recovery, plus expenses);

152. *Hood v. The DII Group, Inc.*, Case No. 97-CV-829 (Colo. State Ct. Feb. 8, 2001) (fee equal to 30% of recovery, plus expenses;

153. *In re Aetna Inc. Sec. Litig.*, MDL Docket No. 1219 (M.D. Pa. Jan 4, 2001) (fee equal to 30% of total recovery, plus expenses);

154. *Gracy Fund L.P. v. EEX Corp.*, Case No. 3:98-CV-1808-M (N.D. Tex. Dec. 28, 2000) (fee equal to 30% of total recovery, plus expenses);

155. *In re Stratosphere Corporation Sec. Litig.*. Master File No. CV-S-96-00708-PMP-(RLH) (D. Nev. Dec. 6, 2000) (fee equal to 30% of recovery, plus expenses);

156. *In re Spectrian Corp. Sec. Litig.*, Master File No. C-97-4672-CW (N.D. Cal. Nov. 6, 2000) (fee equal to 30% of recovery, plus expenses);

157. *Kisilenko v. STB Systems, Inc.*, No. 3:99-CV-2872-M (N.D. Tex. Nov. 2, 2000) (fee equal to 30% of recovery, plus expenses);

158. *Kennedy v. Peninsula Bank of San Diego*, Case No. GIC741278 (San Diego Sup. Ct. Oct. 27, 2000) (fee equal to 30% of recovery, plus expenses);

159. *In re Sybase Inc. II Sec. Litig.*, Master File No. C-98-0252-CAL (N.D. Cal. Sept. 29, 2000) (fee equal to 30% of recovery, plus expenses);

160. *In re Adac Laboratories Sec. Litig.*, Master File No. C-98-4934-MHP (N.D. Cal. Sept. 18, 2000) (fee equal to 30% of recovery, plus expenses);

161. *Anderson v. EFTC Corp.*, Case No. 98-CV-962 (Colo. State Ct. Aug. 31, 2000) (fee equal to 30% of recovery, plus expenses);

162. *Senior v. ShoLodge Inc.*, Civil Action No. 98-C-136 (Tenn. Chancery Ct. Aug. 16, 2000) (fee equal to 30% of recovery, plus expenses);

163. *Schlagal v. Learning Tree International, Inc.*, No. CV-98-6384-GAF(Ex) (C.D. Cal. Aug. 7, 2000) (fee equal to 30% of recovery, plus expenses);

164.   *Vigneau v. Franklin Advantage Real Estate Income Fund*, Case No. 398743 (San Mateo Sup. Ct. July 25, 2000) (fee equal to 30% of recovery, plus expenses);

165.   *Milano v. Auhll*, Case No. SB213476 (Santa Barbara Sup. Ct. July 7, 2000) (fee equal to 30% of recovery, plus expenses);

166.   *Neibert v. Monarch Dental Corp.*, No. 3:99-CV-762-X (N.D. Tex. June 19, 2000)  (fee equal to 30% of recovery, plus expenses);

167.   *Sussman v. AML Communications, Inc.*, No. CV-98-2010-CAS(Ex) (C.D. Cal. May 3, 2000) (fee equal to 30% of recovery, plus expenses);

168.   *In re Valence Technology Sec. Litig.*, Master File No. C-95-20459-JW(EAI) (N.D. Cal. May 8, 2000) (fee equal to 30% of recovery, plus expenses);

169.   *In re Western Savings and Loan Association/RTC Sec. Litig.*, MDL Docket No. 995 (D. Ariz. Apr. 5, 2000) (fee equal to 30% of recovery, plus expenses);

170.   *In re Transcrypt International Sec. Litig.*, Master File No. 4:98CV3099 (D. Neb. Mar. 27, 2000) (fee equal to 30% of recovery, plus expenses);

171.   *Hertzberg v. Dignity Partners, Inc.*, No. C-96-4558-CAL (N.D. Cal. Feb 25, 2000) (fee equal to 30% of recovery, plus expenses);

172.   *Robertson v. Strassner*, Civil Action No. H-98-0364 (S.D. Tex. Jan. 5, 2000) (fee equal to 30% of recovery, plus expenses);

173.   *Robertson v. ProSoft I-Net Solutions Inc.*, Master Case No. 793247 (Orange County Sup. Ct. Nov. 16, 1999) (fee equal to 30% of recovery, plus expenses);

174.   *Molinari v. Symantec Corp.*, No. C-97-20021-JF(EAI) (N.D. Cal. Oct. 26, 1999) (fee equal to 30% of recovery, plus expenses);

175.   *Edwards v. Casino Data Systems, Inc.*, No. CV-S-96-01191-LDG(LRL) (D. Nev. Sept. 29, 1999) (fee equal to 30% of recovery, plus expenses);

176.   *In re Trimble Navigation Sec. Litig.*, Master File No. C-98-20441-JF (N.D. Cal. Sept. 23, 1999) (fee equal to 30% of recovery, plus expenses);

177.   *In re Tele-Communications, Inc. Sec. Litig.*, Case No. 97CV421 (Colo. Dist. Ct., Arapahoe County, Aug. 20, 1999) (fee equal to 30% of recovery, plus expenses);

178.   *In re Retirement Care Associates, Inc. Sec. Litig.*, Civil Action No. 1:97-CV-2458-CC (N.D. Ga. July 21, 1999) (fee equal to 30% of recovery, plus expenses);

179.   *Wiesel v. Kennedy*, No. C-95-4472-THE (N.D. Cal. May 24, 1999) (fee equal to 30% of recovery, plus expenses);

180.   *Cannon v. Funco, Inc.*, Civil No. 4-95-533-DSD/JMM (D. Minn. April 30, 1999) (fee equal to 30% of recovery, plus expenses);

181.  *In re Aames Financial Corp. Sec. Litig.*, No. CV-97-6714-CAS(ANx) (C.D. Cal. Feb. 22, 1999) (fee equal to 30% of recovery, plus expenses);

182.  *Danielson v. DTM Corp.*, No. 97-CI-16633 (Texas Dist. Ct., Bexar County Jan. 22, 1999) (fee equal to 30% of recovery, plus expenses);

183.  *Newman v. TriQuint Semiconductor, Inc.*, No. 96-908-HA (D. Ore. Dec. 15, 1998) (fee equal to 30% of recovery, plus expenses);

184.  *Lindblom v. Mobile Telecommunications Technologies Corp.*, No. 3:98-CV-112WS (S.D. Miss. Nov. 6, 1998) (fee equal to 30% of recovery, plus expenses);

185.  *Bierman v. Dasen*, Cause No. CV-96-124A (Mont. State Ct. Nov. 4, 1998) (fee equal to 30% of recovery, plus expenses);

186.  *McDaid v. Sanders*, No. C-95-20750-JW(EAI) (N.D. Cal. Nov. 2, 1998) (fee equal to 30% of recovery, plus expenses);

187.  *Powers v. Eichen*, No. 96-1431-B(AJB) (S.D. Cal. Oct. 29. 1998) (fee equal to 30% of recovery, plus expenses);

188.  *Fecht v. The Price Co.*, No. 92-0497-JM(JFS) (S.D. Cal. Oct. 26, 1998) (fee equal to 30% of recovery, plus expenses);

189.  *McGann v. Ernst & Young*, No. SACV-93-0814-AHS(EEx) (C.D. Cal. Oct. 19, 1998) (fee equal to 30% of recovery, plus expenses);

190.  *Thompson v. Veterinary Centers of America*, No. CV-97-4244-CM (C.D. Cal. Oct. 19, 1998) (fee equal to 30% of recovery, plus expenses);

191.  *Kaufman v. SyQuest Technology, Inc.*, No. H-189594-4 (Alameda County Sup. Ct. Oct. 14, 1998) (fee equal to 30% of recovery, plus expenses);

192.  *Fields v. Dove Entertainment, Inc.*, Case No. BC174659 (Los Angeles Sup. Ct. Oct. 6, 1998) (fee equal to 30% of recovery, plus expenses);

193.  *In re Yes! Entertainment Corp. Sec. Litig.*, Master File No. C-97-1388-CRB (N.D. Cal. Sept. 18, 1998) (fee equal to 30% of recovery, plus expenses);

194.  *In re AHI Healthcare Systems, Inc. Sec. Litig.*, Master File No. CV-95-8658-MRD(BQRx) (C.D. Cal. Sept. 14, 1998) (fee equal to 30% of recovery, plus expenses);

195.  *In re DSP Group, Inc. Sec. Ligit.*, Master File No. C-95-4025-CAL (N.D. Cal. Sept. 4, 1998) (fee equal to 30% of recovery, plus expenses);

196.  *In re Imp, Inc. Sec. Litig.*, Master File No. C-96-20826-SW(PVT) (N.D. Cal. Aug. 26, 1998) (fee equal to 30% of recovery, plus expenses);

197.  *Cherednichenko v. Quarterdeck Corp.*, No. 97-4320-CM(CWx) (C.D. Cal. June 3, 1998) (fee equal to 30% of recovery, plus expenses);

198.   *Graubart v. Insignia Solutions PLC*, No. C-97-20265-JW(EAI) (N.D. Cal. Apr. 20, 1998) (fee equal to 30% of recovery, plus expenses);

199.   *Gohler v. Wood*, No. 92-C-181-S (D. Utah Apr. 13, 1998) (fee equal to 30% of recovery, plus expenses);

200.   *Manson v. Muller*, No. C-95-0016-MMC (N.D. Cal. Mar. 31, 1998) (fee equal to 30% of recovery, plus expenses);

201.   *In re California Microwave, Inc. Sec. Litig.*, Master File No. C-95-4009-CW (N.D. Cal. Mar. 23, 1998) (fee equal to 30% of recovery, plus expenses);

202.   *In re Media Vision Technology Sec. Litig.*, Master File No. C-94-1015-FMS (N.D. Cal. Mar. 17, 1998) (fee equal to 30% of recovery, plus expenses);

203.   *Rooney v. Identix, Inc.*, No. C-97-20082-RMW (N.D. Cal. Mar. 6, 1998) (fee equal to 30% of recovery, plus expenses);

204.   *In re ICN Pharmaceuticals, Inc. Sec. Litig.*, Master File No. SACV-95-128-GLT(EEx) (C.D. Cal. Jan. 16, 1998) (fee equal to 30% of recovery, plus expenses);

205.   *In re ProNet, Inc. 1933 and 1934 Act Sec. Litig.*, Master File Nos. 3:96-CV-1795-P, 3:96-CV-2116-P (N.D. Tex. Nov. 19, 1997) (fee equal to 30% of recovery, plus expenses);

206.   *Strassman v. Fresh Choice, Inc.*, No. C-95-20017-SW (N.D. Cal. Oct. 10, 1997) (fee equal to 30% of recovery, plus expenses);

207.   *Warshaw v. Xoma Corp.*, No. C-92-2264-MHP(JSB) (N.D. Cal. Sept. 5, 1997) (fee equal to 30% of recovery, plus expenses);

208.   *In re Crop Growers Corp. Sec. Litig.*, Master File No. CV-95-58-GF-PGH (D. Mont. July 8, 1997) (fee equal to 30% of recovery, plus expenses);

209.   *In re Cirrus Logic Sec. Litig.*, Master File No. C-93-1591-WHO (N.D. Cal. July 1, 1997) (fees equal to 30% of recovery, plus expenses);

210.   Roseman v. Bradke, Case No. 95-0424-Civ-T-25C (M.D. Fla. June 11, 1997) (fee equal to 30% of recovery, plus expenses);

211.   *Brandwine v. Sony Corp.*, No. CV-94-8282-JGD(JGx) (C.D. Cal. June 6, 1997) (fee equal to 30% of recovery, plus expenses);

212.   *In re Conner Peripherals, Inc. Sec. Litig.*, Master File No. C-95-2244-MHP (N.D. Cal. May 7, 1997) (fee equal to 30% of recovery, plus expenses);

213.   *In re NCD Sec. Litig.*, Master File No. C-96-1345-CAL (N.D. Cal. May 2, 1997) (fee equal to 30% of recovery, plus expenses);

214.   *Stack v. Lobo*, No. C-95-20049-SW(EAI) (N.D. Cal. April 4, 1997) (fee equal to 30% of recovery, plus expenses);

215. *Siegel v. Lyons*, No. C-95-03588-DLJ(WDB) (N.D. Cal. March 26, 1997) (fee equal to 30% of recovery, plus expenses);

216. *Schaefer v. Overland Express Funds, Inc.*, No. 95-CV-0314-B(POR) (S.D. Cal. Mar. 11, 1997) (fee equal to 30% of recovery, plus expenses);

217. *Park v. Taco Cabana, Inc.*, Civil Action No. SA-95-CA-0847 (W.D. Tex. Dec. 20, 1996) (fee equal to 30% of recovery, plus expenses);

218. *In re Concord Holdings Sec. Litig.*, Master File No. C-94-20579(A)-RMW(EAI) (N.D. Cal. Dec. 2, 1996) (fee equal to 30% of recovery, plus expenses);

219. *Kaplan v. Rose*, No. SACV-89-740-AHS(RWRx) (C.D. Cal. Nov. 15, 1996) (fee equal to 30% of recovery, plus expenses);

220. *In re Asanté Sec. Litig.*, Master File No. C-94-20499(A)-RMW(EAI) (N.D. Cal. Nov. 18, 1996) (fee equal to 30% of recovery, plus expenses);

221. *Sardi v. Struthers Industries*, Civ. No. 94-C-787-H (N.D. Okla. Oct. 21, 1996) (fee equal to 30% of recovery, plus expenses);

222. *Fisher v. Acuson Corp.*, C-93-20477-RMW(EAI) (N.D. Cal. Oct. 7, 1996) (fee equal to 30% of recovery, plus expenses);

223. *In re Gupta Corp. Sec. Litig.*, Master File No. C-94-1517-EAI (N.D. Cal. Sept. 30, 1996) (fee equal to 30% of recovery, plus expenses);

224. *Miller v. Vans, Inc.*, No. SACV-95-96-AHS(EEx) (C.D. Cal. July 22, 1996) (fee equal to 30% of recovery, plus expenses);

225. *In re Styles on Video Sec. Litig.*, Master File No. C-94-8342-R (C.D. Cal. July 11, 1996) (fee equal to 30% of recovery, plus expenses);

226. *In re International Totalizator Sec. Litig.*, Master File No. 94-979-J(LSP) (S.D. Cal. June 17, 1996) (fee equal to 30% of recovery, plus expenses);

227. *Slomovics v. Gallogly*, No. C-94-2262-CAL (N.D. Cal. June 13, 1996) (fee equal to 30% of recovery, plus expenses);

228. *In re Coastcast Corporation Sec. Litig.*, Master File No. CV-94-3712-DT(AJWx) (C.D. Cal. May 6, 1996) (fee equal to 30% of recovery, plus expenses);

229. *In re Medeva Sec. Litig.*, Master File No. CV-93-4376-KN(AJWx) (C.D. Cal. Mar. 25, 1996) (fee equal to 30% of recovery, plus expenses);

230. *Leonard v. NetFRAME Systems, Inc.*, No. C-95-0238-DLJ (N.D. Cal. Mar. 20, 1996) (fee equal to 30% of recovery, plus expenses);

231. *Kravitz v. Iwerks Entertainment, Inc.*, No. CV-95-2541-KMW (C.D. Cal. March 12, 1996) (fee equal to 30% of recovery, plus expenses);

232.    *Kurtz v. Blum*, No. SACV-94-1043-GLT(EEx) (C.D. Cal. Feb. 20, 1996) (fee equal to 30% of recovery, plus expenses);

233.    *In re WCT Sec. Litig.*, No. C-94-6524-JMI(BQRx) (C.D. Cal. Feb. 5, 1996) (fee equal to 30% of recovery, plus expenses);

234.    *In re Hexcel Corporation Sec. Litig.*, Master File No. C-92-4811-SBA (N.D. Cal. Jan. 22, 1996) (fee equal to 30% of recovery, plus expenses);

235.    *In re VISX Sec. Litig.*, Master File No. C-94-20649-EAI (N.D. Cal. Dec. 18, 1995) (fee equal to 30% of recovery, plus expenses);

236.    *In re Ross Systems Sec. Litig.*, Master File No. C-94-0017-DLJ(WDB) (N.D. Cal. Dec. 13, 1995) (fee equal to 30% of recovery, plus expenses);

237.    *In re National Medical Enterprises Sec. Litig.*, Master File No. CV-91-5452-TJH(EEx) (C.D. Cal. Dec. 8, 1995) (fee equal to 30% of recovery, plus expenses);

238.    *In re Storage Technology Sec. Litig.*, Case No. 92-B-750 (D. Colo. Dec. 1, 1995) (fee equal to 30% of recovery, plus expenses);

239.    *In re 4th Dimension Software Ltd., Sec. Litig.*, Master File No. SACV-94-279-AHS(EEx) (C.D. Cal. Nov. 20, 1995) (fee equal to 30% of recovery, plus expenses);

240.    *O'Sullivan v. Trident Microsystems, Inc.*, No. C-95-02294-EAI (N.D. Cal. Nov. 20, 1995) (fee equal to 30% of recovery, plus expenses);

241.    *Lee v. Sierra On-Line, Inc.*, No. CIV-S-92-2089-EJG-PAN (E.D. Cal. Nov. 6, 1995) (fee equal to 30% of recovery, plus expenses);

242.    *In re Archer Communications Sec. Litig.*, Master File No. CV-91-6964-R (C.D. Cal. Nov. 1, 1995) (fee equal to 30% of recovery, plus expenses);

243.    *Pfeifer v. McFall*, No. CV-94-1862-ABC(BRx) (C.D. Cal. Oct. 23, 1995) (fee equal to 30% of recovery, plus expenses);

244.    *In re Proxima Corporation Sec. Litig.*, Master File No. 93-1139-J(LSP) (S.D. Cal. Oct. 3, 1995) (fee equal to 30% of recovery, plus expenses);

245.    *In re Compression Labs, Inc. Sec. Litig.*, No. C-95-2222-FMS(EAI) (N.D. Cal. Sept. 22, 1995) (fee equal to 30% of recovery, plus expenses);

246.    *In re Aurora Electronics Sec. Litig.*, Master File No. CV-93-3292-DT(JGx) (C.D. Cal. Sept. 5, 1995) (fee equal to 30% of recovery, plus expenses);

247.    *In re RasterOps Corp. Sec. Litig.*, Master File No. C-95-2247-EAI (N.D. Cal. Aug. 28, 1995) (fee equal to 30% of recovery, plus expenses);

248.    *In re National Health Laboratories Sec. Litig.*, Master File No. CV-92-1949-RBB (S.D. Cal. Aug. 15, 1995) (fee equal to 30% of recovery, plus expenses);

249. *Pleasant Overseas Corp. v. Hajjar*, Master File No. C-93-20197-RMW(EAI) (N.D. Cal. Aug. 10, 1995) (fee equal to 30% of recovery, plus expenses);

250. *In re Jenny Craig Sec. Litig.*, Master File No. CV-92-845-J(LSP) (S.D. Cal. June 19, 1995) (fee equal to 30% of recovery, plus expenses);

251. *In re SuperMac Technology, Inc. Sec. Litig.*, Master File No. C-94-20206-RPA(PVT) (N.D. Cal. June 12, 1995) (fee equal to 30% of recovery, plus expenses);

252. *In re Radius Sec. Litig.*, Master File No. C-92-20597-RPA(EAI) (N.D. Cal. June 12, 1995) (fee equal to 30% of recovery, plus expenses);

253. *In re Applied Magnetics Corp. Sec. Litig.*, Master File No. CV-93-6195-DT(JRx) (C.D. Cal. May 30, 1995) (fee equal to 30% of recovery, plus expenses);

254. *Tolan v. Adler*, No. C-90-20710-WAI(PVT) (N.D. Cal. May 15, 1995) (fee equal to 30% of recovery, plus expenses);

255. *In re Kaufman and Broad Sec. Litig.*, Master File No. CV-92-5049-WJR(SHx) (C.D. Cal. April 24, 1995) (fee equal to 30% of recovery, plus expenses);

256. *In re Digital Microwave Corp. Sec. Litig.*, Master File No. C-90-20241-RMW (N.D. Cal. March 17, 1995) (fee equal to 30% of recovery, plus expenses);

257. *In re Catalyst Semiconductor Sec. Litig.*, Master File No. C-93-20960-RPA(EAI) (N.D. Cal. March 17, 1995) (fee equal to 30% of recovery, plus expenses);

258. *Rogal v. Costello*, No. C-91-20195-RPA(EAI) (N.D. Cal. March 13, 1995) (fee equal to 30% of recovery, plus expenses);

259. *In re Alza Sec. Litig.*, Master File No. C-93-20290-RMW(PVT) (N.D. Cal. Jan. 27, 1995) (fee equal to 30% of recovery, plus expenses);

260. *In re Vitesse Semiconductor Inc. Sec. Litig.*, Master File No. CV-92-3993-TJH(Kx) (C.D. Cal. Jan. 9, 1995) (fee equal to 30% of recovery, plus expenses);

261. *In re Presley Companies Sec. Litig.*, Master File No. SACV-92-0545-GLT(RWRx) (C.D. Cal. Dec. 19, 1994) (fee equal to 30% of recovery, plus expenses);

262. *In re Software Publishing Sec. Litig.*, Master File No. C-93-20246-RPA(PVT) (N.D. Cal. Dec. 14, 1994) (fee equal to 30% of recovery, plus expenses);

263. *In re Advanced Micro Devices Sec. Litig.*, Master File No. C-93-20662-EAI (N.D. Cal. Dec. 12, 1994) (fee equal to 30% of recovery, plus expenses);

264. *In re Castle Energy Corp. Sec. Litig.*, Master File No. C-94-0336-DT(CHKx) (C.D. Cal. Dec. 5, 1994) (fee equal to 30% of recovery, plus expenses);

265. *Wortman v. FileNet Corp.*, No. CV-93-0011-LHM(EEx) (C.D. Cal. Nov. 30, 1994) (fee equal to 30% of recovery, plus expenses);

266.  *Adam v. Silicon Valley Bancshares*, No. C-93-20399-RMW(EAI) (N.D. Cal. Nov. 28, 1994) (fee equal to 30% of recovery, plus expenses);

267.  *In re Sierra Semiconductor Sec. Litig.*, Master File No. C-93-20286-EAI (N.D. Cal. Nov. 21, 1994) (fee equal to 30% of recovery, plus expenses);

268.  *Calzone v. Video Lottery Technologies*, No. CV-92-068-BU (D. Mont. Oct. 4, 1994) (fee equal to 30% of recovery, plus expenses);

269.  *In re Platinum Software Sec. Litig.*, Master File No. SACV-94-70-AHS(RWRx) (C.D. Cal. Sept. 26, 1994) (fee equal to 30% of recovery, plus expenses);

270.  *Haltman v. Aura Systems, Inc.*, No. CV-92-3388-CM (C.D. Cal. Aug. 25, 1994) (fee equal to 30% of recovery, plus expenses);

271.  *Bourne v. Premier Anesthesia, Inc.*, No. CV-93-4782-JSL(GHKx) (C.D. Cal. Aug. 24, 1994) (fee equal to 30% of recovery, plus expenses);

272.  *In re Lockheed Corp. Sec. Litig.*, No. CV-89-5799-TJH(Bx) (C.D. Cal. Aug. 9, 1994) (fee equal to 30% of recovery, plus expenses);

273.  *In re Sam & Libby, Inc. Sec. Litig.*, Master File No. 92-1564-WHO (N.D. Cal. Aug. 4, 1994) (fee equal to 30% of recovery, plus expenses);

274.  *In re Altera Corp. Sec. Litig.*, Master File No. C-92-20399-JW(EAI) (N.D. Cal. July 29, 1994) (fee equal to 30% of recovery, plus expenses);

275.  *In re Advanced Interventional Systems Sec. Litig.*, Master File No. SACV-92-723-AHS(RWRx) (C.D. Cal. July 15, 1994) (fee equal to 30% of recovery, plus expenses);

276.  *In re Retix Sec. Litig.*, Master File No. C-93-1683-JSL(GHKx) (C.D. Cal. July 13, 1994) (fee equal to 30% of recovery, plus expenses);

277.  *Sherman v. Widder*, Civ. No. TS-92-1827-IEG(M) (S.D. Cal. June 21, 1994) (fee equal to 30% of recovery, plus expenses);

278.  *Levy v. Eletr*, No. C-88-3457-FMS (N.D. Cal. June 20, 1994) (fee equal to 30% of recovery, plus expenses);

279.  *Scheatzle v. Eubanks*, No. C-92-20785-JW(EAI) (N.D. Cal. June 6, 1994) (fee equal to 30% of recovery, plus expenses);

280.  *Kassover v. Huta*, Civ. No. 90-00848-IEG(LSP) (S.D. Cal. May 11, 1994) (fee equal to 30% of recovery, plus expenses);

281.  *In re Pacific Enterprises Sec. Litig.*, Master File No. CV-92-0841-JSL(EEx) (C.D. Cal. May 5, 1994) (fee equal to 30% of recovery, plus expenses);

282.  *Weinberg v. Liebl*, Civ. No. 89-1883-IEG(M) (S.D. Cal. March 29, 1994) (fee equal to 30% of recovery, plus expenses);

283.   *Shields v. Smith*, No. C-90-0349-FMS (N.D. Cal. Dec. 21, 1993) (fee equal to 30% of recovery, plus expenses);

284.   *In re GE Energy Choice Light Bulb Consumer Litig.*, Master File No. C-92-4447-BAC (N.D. Cal. Oct. 22, 1993) (fee equal to 30% of recovery, plus expenses);

285.   *In re Amdahl Sec. Litig.*, Master File No. C-92-20609-JW(EAI) (N.D. Cal. Sept. 10, 1993) (fee equal to 30% of recovery, plus expenses);

286.   *In re International Technology Corp. Sec. Litig.*, Master File No. CV-88-440-RMT(Sx) (C.D. Cal. Aug. 24, 1993) (fee equal to 30% of recovery, plus expenses);

287.   *In re Great American Bank, SSB, Securities/Derivative Litig.*, Civil No. 89-1571-N(M) (S.D. Cal. Aug. 11, 1993) (fee equal to 30% of recovery, plus expenses);

288.   *In re Synoptics Sec. Litig.*, No. C-91-20429-WAI(EAI) (N.D. Cal. June 28, 1993) (fee equal to 30% of recovery, plus expenses);

289.   *Church v. Consolidated Freightways, Inc.*, Nos. C-90-2290-DLJ and C-91-4168-DLJ (N.D. Cal. April 30, 1993) (fee equal to 30% of recovery, plus expenses);

290.   *In re Falcon Cable Sec. Litig.*, No. CV-91-2944-THJ(GHKx) (C.D. Cal. March 11, 1993) (fee equal to 30% of recovery, plus expenses);

291.   *In re Software Toolworks Inc. Sec. Litig.*, Master File No. C-90-2906-FMS (N.D. Cal. Dec. 4, 1992) (fee equal to 30% of recovery, plus expenses);

292.   *In re Saatchi & Saatchi Sec. Litig.*, Master File No. 90-0669-RMT(Ex) (C.D. Cal. Oct. 5, 1992) (fee equal to 30% of recovery, plus expenses);

293.   *Cytryn v. Cook*, No. C-89-20801-RFP (N.D. Cal. May 1, 1992) (fee equal to 30% of recovery, plus expenses);

294.   *In re Wyse Technologies Sec. Litig.*, Civ. No. 89-1818-WHO (N.D. Cal. March 30, 1992) (fee equal to 30% of recovery, plus expenses);

295.   *In re DCA Sec. Litig.*, Master File No. 1:89-CV-2195-RCF (N.D. Ga. Jan. 6, 1992) (fee equal to 30% of recovery, plus expenses);

296.   *In re Network Equipment Technologies Sec. Litig.*, Master File No. C-90-1138-DLJ (N.D. Cal. Dec. 16, 1991) (fee equal to 30% of recovery, plus expenses);

297.   *In re Cetus Corp. Sec. Litig.*, Master File No. C-90-2042(A)-EFL (N.D. Cal. Oct. 25, 1991) (fee equal to 30% of recovery, plus expenses);

298.   *Perkins v. Preletz*, Civ. No. 90-2006-WAI (N.D. Cal. Oct. 1, 1991) (fee equal to 30% of recovery, plus expenses);

299.   *Corron v. Koppers Co.*, No. Civ. S-88-429-DFL/JFM (E.D. Cal. Sept. 16, 1991) (fee equal to 30% of recovery, plus expenses);

300.   *In re Technical Equities Federal Sec. Litig.*, C-86-20157(A)-WAI (N.D. Cal. July 23, 1991) (fee equal to 30% of recovery, plus expenses);

301.   *Hartley v. Stamford Towers Limited Partnership*, No. C-90-2146-JPV (N.D. Cal. July 11, 1991) (fee equal to 30% of recovery, plus expenses);

302.   *Sweet v. Hanson*, No. C-88-4041-DLJ (N.D. Cal. June 27, 1991) (fee equal to 30% of recovery, plus expenses);

303.   *In re Businessland Sec. Litig.*, C-90-20476-RFP (N.D. Cal. June 18, 1991) (fee equal to 30% of recovery, plus expenses);

304.   *In re Genentech, Inc. Sec. Litig.*, Master File No. C-88-4038-DLJ (N.D. Cal. Feb. 21, 1991) (fee equal to 30% of recovery, plus expenses);

305.   *In re Verbatim Sec. Litig.*, Master File No. C-84-20164(A)-SW (N.D. Cal. Feb. 13, 1991) (fee equal to 30% of recovery, plus expenses);

306.   *Roberts v. Heim*, [1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96,221 (N.D. Cal. 1991) (fee equal to 30% of recovery, plus expenses);

307.   *Weinberger v. Schroeder*, Civ. No. 84-20757-WAI (N.D. Cal. Nov. 16, 1990) (fee equal to 30% of recovery, plus expenses);

308.   *Teichler v. DSC Communications Corp.*, CA3-85-2005-T (N.D. Tex. Oct. 24, 1990) (fee equal to 30% of recovery, plus expenses);

309.   *In re Allegheny International Shareholder Litig.*, Civil Action No. 86-1651 (W.D. Pa. Sept. 20, 1990) (fee equal to 30% of recovery, plus expenses);

310.   *In re National Education Corporation Sec. Litig.*, Master File No. SACV-89-405-AHS (C.D. Cal. Aug. 13, 1990) (fee equal to 30% of recovery, plus expenses);

311.   *In re Trustcorp. Sec. Litig.*, Civ. No. 3:89-CV-7139 (N.D. Ohio Aug. 3, 1990) (fee equal to 30% of recovery, plus expenses);

312.   *Feldman v. Glaze*, Civ. No. C-87-20723-WAI (N.D. Cal. June 4, 1990) (fee equal to 30% of recovery, plus expenses);

313.   *Sanders v. Robinson Humphrey/American Express, Inc.*, No. 1:85-cv-172-RLV (N.D. Ga. May 23, 1990) (fee equal to 30% of recovery, plus expenses);

314.   *Imperial Corporation of America v. Thygerson*, Civ. No. 89-0126 JLI(M) (S.D. Cal. Feb. 22, 1990) (fee equal to 30% of recovery, plus expenses);

315.   *In re MDC Holdings Sec. Litig.*, [1990 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶95,474 (S.D. Cal. 1990) (fee equal to 30% of recovery, plus expenses);

316.   *Heideman v. Toreson*, Civ. No. C-86-200024-SW (N.D. Cal. Dec. 26, 1989) (fee equal to 30% of recovery, plus expenses);

317. *In re Gibraltar Financial Corp. Sec. Litig.*, CV-87-07876-MRP(Bx) (C.D. Cal. Sept. 9, 1989) (fee equal to 30% of recovery, plus expenses);

318. *In re Eagle Computer Sec. Litig.*, C-84-20382(A)-SW (N.D. Cal. 1989) (fee equal to 30% of recovery, plus expenses);

319. *In re Pizza Time Theatre Sec. Litig.*, C-84-20048(A)-RPA (N.D. Cal. 1989) (fee equal to 30% of recovery, plus expenses);

320. *Larkins v. Singley*, Civ. No. 83-2533-PHX CLH (D. Ariz. Dec. 17, 1988) (fee equal to 30% of recovery, plus expenses);

321. *In re Cousins Sec. Litig.*, 84-1821-B(IEG) (S.D. Cal. 1988) (fee equal to 30% of recovery, plus expenses);

322. *Mancino v. McMahan*, No. C-84-0407-CAL (N.D. Cal. Jan. 28, 1987) (fee award equal to 30% of recovery, plus expenses);

323. *Eltman v. Grandma Lee's, Inc.*, [1986-1987 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶92,798 (E.D.N.Y. 1986) (fee award equal to 30% of total recovery, plus expenses);

324. *Friedland v. Barnes*, [1986-1987 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶92,754 (S.D.N.Y. 1986) (30% of the settlement fund awarded as attorneys' fees, plus expenses);

325. *McFarland v. Memorex Corp.*, No. C-79-2007 (N.D. Cal. 1985) (fee award equal to 30% of total recovery, plus expenses);

326. *Epstein v. Weiss*, [1969-1970 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶92,588 (E.D. La. 1970) (fee award equal to 30% of total recovery, plus expenses);

327. *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc.*, Case No. CV-99-07796-FMC(RNx) (fee award equal to 29% of recovery, plus expenses);

328. *In re Accredo Health, Inc. Sec. Litig.*, No. 03-CV-2216 (W.D. Tenn. Feb. 19, 2009) (awarded 28% of the recovery, plus expenses);

329. *Olmsted v. ADAC Laboratories*, Case No. CV793923 (Santa Clara Super. Ct. May 10, 2004) (fee equal to 28% of recovery, plus expenses);

330. *Scholl v. Applied Digital Access, Inc.*, Case No. GIC735418 (San Diego County Sup. Ct. Sept. 21, 2001) (fee equal to 28% of recovery, plus expenses);

331. *Kensington Capital Management v. Oakley, Inc.*, Master File No. SACV-97-808-GLT(EEx) (C.D. Cal. Dec. 18, 2000) (fee equal to 28% of recovery, plus expenses);

332. *In re Abbey Healthcare Sec. Litig.*, No. CV-96-6397-DDP(AJWx) (C.D. Cal. Dec. 17, 1996) (fee equal to 28% of recovery, plus expenses);

333. *In re Tokos Medical Corporation Sec. Litig.*, Master File No. SACV-92-791-GLT(EEx) (C.D. Cal. June 5, 1996) (fee equal to 28% of recovery, plus expenses);

334.   *Olmsted v. ADAC Laboratories*, Case No. CV793923 (Santa Clara Super. Ct. May 10, 2004) (fee equal to 28% of recovery, plus expenses);

335.   *In re MP3.com, Inc. Sec. Litig.*, Master File No. 00-CV-1873-NLS (S.D. Cal. July 12, 2001) (fee equal to 27.5% of recovery, plus expenses);

336.   *In re Michael Milken and Associates Sec. Litig.*, MDL Docket No. 924 (S.D.N.Y. Jan 4, 2001) (fee equal to 27.5% of total recovery, plus expenses);

337.   *Thurber v. Mattel, Inc.*, No. CV-99-10368-MRP(CWx) (C.D. Cal. Oct. 1, 2003) (fee equal to 27% of recovery, plus expenses);

338.   *In re Southern Pacific Funding Corp. Sec. Litig.*, No. CV-98-1239-MA (D. Ore. Feb. 21, 2001) (fee equal to 27% of recovery, plus expenses);

339.   *In re Seracare Life Sciences, Inc. Sec. Litig.*, No. 05-CV-2335-JLS(CAB) (S.D. Cal. July 17, 2009) (awarded 25% of the recovery, plus expenses);

340.   *In re Ace Ltd. Sec. Litig.*, No. 05-md-1675 (E.D. Pa. June 10, 2009) (awarded 25% of the recovery, plus expenses);

341.   *Darquea v. Jarden Corp.*, No. 1:06-cv-00722(RPP) (S.D.N.Y. May 18, 2009) (awarded 25% of the recovery, plus expenses);

342.   *In re Impax Labs., Inc. Sec. Litig.*, No. C-04-4802-JW (N.D. Cal. May 12, 2009) (awarded 25% of the recovery, plus expenses);

343.   *Parkside Capital Ltd. v. Xerium Techs. Inc.*, No. 06-10991-RWZ (D. Mass. Feb. 26, 2009) (awarded 25% of recovery, plus expenses);

344.   *In re Sunterra Corp. Sec. Litig.*, No. 2:06-cv-00844-BES-RJJ (D. Nev. Feb. 10, 2009) (awarded 25% of the recovery, plus expenses);

345.   *In re Brocade Sec. Litig.*, No. C 05-02042 CRB (N.D. Cal. Jan. 26, 2009) (awarded 25% of the recovery, plus expenses);

346.   *In re Bridgestone Sec. Litig.*, No. 3:01-0017 (M.D. Tenn. Jan. 23, 2009) (awarded 25% of the recovery, plus expenses);

347.   *In re Wireless Facilities, Inc. Sec. Litig.*, No. 04cv1589 NLS (S.D. Cal. Jan. 13, 2009) (awarded 25% of the recovery, plus expenses);

348.   *In re Wireless Facilities, Inc,. Sec. Litig.*, No. 07cv482 NLS (S.D. Cal. Dec. 19, 2008) (awarded 25% of the recovery, plus expenses);

349.   *In re Tommy Hilfiger Sec. Litig.*, No. 1:04-CV-07678-SAS (S.D.N.Y. Oct. 8, 2008) (awarded 25% of the recovery, plus expenses);

350.   *In re PETCO Corp. Sec. Litig.*, No. 05-CV-0823 H(RBB) (S.D. Cal. Sept. 2, 2008) (awarded 25% of the recovery, plus expenses);

351. *In re DHB Indus., Inc. Class Action Litig.*, No. 2:05-cv-04296-JS-ETB (E.D.N.Y. July 21, 2008) (awarded 25% of recovery, plus expenses);

352. *In re Zale Corporation Sec. Litig.*, No. 3:06-cv-01470-N (N.D. Tex. July 10, 2008) (awarded 25% of recovery, plus expenses);

353. *Reynolds v. Repsol YPF, S.A.*, No. 1:06-cv-00733-DAB (S.D.N.Y. May 7, 2008) (awarded 25% of the recovery, plus expenses);

354. *Sekuk Global Enters. v. KVH Indus., Inc.*, No. CA-04-306L (D.R.I. Jan. 25, 2008) (fee equal to 25% of recovery, plus expenses);

355. *In re SeraCare Life Sciences, Inc. Sec. Litig.*, No. 05-CV-2335-H(CAB) (S.D. Cal. Sept. 4, 2007) (awarding 25% of recovery, plus expenses);

356. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486 PJH (N.D. Cal. Aug. 16, 2007) (fee equal to 25% of recovery, plus expenses);

357. *In re Watchguard Sec. Litig.*, No. 2:05-cv-00678-JLR (W.D. Wash. Aug. 6, 2007) (awarded 25% of recovery, plus expenses);

358. *In re Alliance Gaming Corp. Sec. Litig.*, No. CV-S-04-0821-BES-PAL (D. Nev. June 28, 2007) (awarding 25% of the recovery, plus expenses);

359. *Dutton v. D&K Healthcare Res., Inc.*, No. 4:04-CV-00147-SNL (E.D. Mo. June 5, 2007) (awarding 25% of recovery, plus expenses);

360. *In re Vicuron Pharms., Inc. Sec. Litig.*, No. 04-2627 (E.D. Pa. May 31, 2007) (awarded 25% of recovery, plus expenses);

361. *In re Verisign, Inc. Sec. Litig.*, No. C-02-2270-JW(PVT) (N.D. Cal. Apr. 24, 2007) (awarded 25% of the recovery, plus expenses);

362. *Heller v. Quovadx, Inc.*, No. 04-cv-00665 (D. Colo. Apr. 13, 2007) (awarded 25% of the recovery, plus expenses);

363. *In re Amerada Hess Corp. Sec. Litig.*, No. 2:02cv03359 (D.N.J. Apr. 16, 2007) (awarded 25% of recovery, plus expenses);

364. *In re Charlotte Russe Holding, Inc. Sec. Litig.*, No. 04cv2528 (S.D. Cal. Aug. 30, 2006) (awarded 25% of recovery, plus expenses);

365. *In re Surebeam Corp. Sec. Litig.*, No. 03-CV-01721-JM(POR) (S.D. Cal. July 17, 2006) (awarded 25% of recovery, plus expenses);

366. *In re U.S. Aggregates, Inc. Sec. Litig.*, No. C-01-1688-CW (N.D. Cal. Apr. 6, 2006) (awarding 25% of the recovery, plus expenses);

367. *In re Titan, Inc. Sec. Litig.*, Master File No. 04-CV-0676-LAB(NLS) (S.D. Cal. Dec. 19, 2005) (fee award equal to 25% of recovery, plus expenses);

368.   *In re Intershop Communications AG Sec. Litig.*, Master File No. C-01-20333-JW (N.D. Cal. Dec. 5, 2005) (fee award equal to 25% of recovery, plus expenses);

369.   *In re Amazon.Com, Inc. Sec. Litig.*, Master File No. C-01-0358-L (W.D. Wash. Nov. 11, 2005) (fee award equal to 25% of recovery, plus expenses);

370.   *In re CVS Corp. Sec. Litig.*, No. C.A. 01-11464(JLT) (D. Mass. Sept. 7, 2005) (fee equal to 25% of recovery, plus expenses);

371.   *In re Intermune, Inc. Sec. Litig.*, No. C-03-2954-SI (N.D. Cal. Aug. 26, 2005) (fee award equal to 25% of recovery; plus expenses);

372.   *In re Pemstar, Inc. Sec. Litig.*, Master File No. 02-1821 (DWF/SRN) (D. Minn. May 27, 2005) (fee award equal to 25% of recovery, plus expenses);

373.   *In re Ventro Corp. Sec. Litig.*, No. C-01-1287-SBA (N.D. Cal. Mar. 29, 2005) (fee award equal to 25% of recovery; plus expenses);

374.   *In re Specialty Laboratories, Inc. Sec. Litig.*, Master File No. CV 02-04352-DDP(RCx) (C.D. Cal. Dec. 28, 2004) (fee award equal to 25% of recovery, plus expenses);

375.   *Brody v. TALX Corporation, et al.*, No. 4:01CV2014-HEA (E.D. Mo. Oct. 6, 2004) (fee equal to 25% of recovery, plus expenses);

376.   *In re National Golf Properties, Inc. Sec. Litig.*, Master File No. 02-1383-GHK(RZx) (C.D. Cal. Oct. 4, 2004) (fee award equal to 25% of recovery, plus expenses);

377.   *In re Accelerated Networks, Inc. Sec. Litig.*, No. CV-01-3585-SJO(MANx) (C.D. Cal. July 6, 2004) (awarded 25% of fund recovered, plus expenses);

378.   *In re Infonet Services Corp. Sec. Litig.*, Master File No. CV-01-10456-NM(CWx) (C.D. Cal. July 26, 2004) (fee equal to 25% of the fund, plus expenses);

379.   *In re Mutual Risk Management Ltd. Sec. Litig.*, Case No. 02CV1110K(POR) (S.D. Cal. July 22, 2004) (fee equal to 25% of the fund, plus expenses);

380.   *In re Accelerated Networks, Inc. Sec. Litig.*, Master File No. CV-01-3585-SJO(MANx) (C.D. Cal. June 28, 2004) (fee equal to 25% of the fund, plus expenses);

381.   *In re DJ Orthopedics, Inc. Sec. Litig.*, Case No. 01-CV-2238-K(RBB) (S.D. Cal. June 21, 2004) (fee equal to 25% of the fund, plus expenses);

382.   *In re TUT Systems, Inc. Sec. Litig.*, Master File No. C-01-2659-CW (N.D. Cal. May 14, 2004) (fee equal to 25% of recovery, plus expenses);

383.   *In re M&A West, Inc. Sec. Litig.*, Master File No. C-01-0033-SBA (N.D. Cal. Feb. 10, 2004) (fee equal to 25% of recovery, plus expenses);

384.   *St. Denis J. Villere & Co. v. CapRock Communications Corp.*, Civil Action No. 3-00-1613-N (N.D. Tex. Nov. 2, 2003) (fee equal to 25% of recovery, plus expenses);

385. *In re Emulex Corp. Sec. Litig.*. Master File No. SACV-01-0219-GLT(ANx) (C.D. Cal. Oct. 15, 2003) (fee equal to 25% of recovery, plus expenses);

386. *In re FPA Medical Management, Inc. Sec. Litig.*, Master File No. 98cv0928-L(AJB) (S.D. Cal. Oct. 14, 2003) (fee equal to 25% of recovery, plus expenses);

387. *In re Sagent Technology Inc. Sec. Litig.*, Master File No. C-01-20081-JW(RS) (N.D. Cal. Apr. 28, 2003) (fee equal to 25% of recovery, plus expenses);

388. *In re Versata, Inc. Sec. Litig.*, Master File No. C-01-1439-SI (N.D. Cal. Feb. 25, 2003) (fee equal to 25% of recovery, plus expenses);

389. *In re Nike Inc. Sec. Litig.*, Master File No. CV-01-332-KI (D. Or. Feb. 24, 2003) (fee equal to 25% of recovery, plus expenses);

390. *Spiegel v. Tenfold Corp.*, Case No. 2:00-CV-652-C (D. Utah Dec. 2, 2002) (fee equal to 25% of recovery, plus expenses);

391. *Haack v. MAX Internet Communications, Inc.*, Civil Action No. 3:00-CV-1662-G (N.D. Tex. Nov. 5, 2002) (fee equal to 25% of recovery, plus expenses);

392. *Sherleigh Associates LLC v. Windmere-Durable Holdings, Inc.*, No. 98-2273-CIV-Lenard/Garber, (S.D. Fla. Sept. 10, 2002) (fee equal to 25% of recovery, plus expenses);

393. *In re Gateway, Inc. Sec. Litig.*, Master File No. 00-CV-2345-B(POR) (S.D. Cal. Sept. 9, 2002) (fee equal to 25% of recovery, plus expenses);

394. *In re Phycor Corp. Sec. Litig.*, Civ. Action No. 3-98-0834 (M.D. Tenn. July 19, 2002) (fee equal to 25% of recovery, plus expenses);

395. *Zinno v. VantageMed Corp.*, No. CIV-S-00-0523-MLS(DAD) (E.D. Cal. July 18, 2002) (fee equal to 25% of recovery, plus expenses);

396. *Bruno v. SmarTalk Teleservices, Inc.*, Case No. BC194788 (Los Angeles County Sup. Ct. June 10, 2002) (fee equal to 25% of recovery, plus expenses);

397. *In re Premier Laser Systems, Inc. Sec. Litig.*, Master File No. SACV-98-388-AHS(EEx) (C.D. Cal. May 6, 2002) (fee equal to 25% of recovery, plus expenses);

398. *In re Pilot Network Services, Inc. Sec. Litig.*, No. C-00-3862-PJH (N.D. Cal. Apr. 29, 2002) (fee equal to 25% of recovery, plus expenses);

399. *In re Mitek Systems, Inc. Sec. Litig.*, Master File No. 00-CV-2028-L(AJB) (S.D. Cal. March 8, 2002) (fee equal to 25% of recovery, plus expenses);

400. *In re California Software Corp. Sec. Litig.*, Master File No. SACV-00810-AHS(EEx) (C.D. Cal. Mar. 11, 2002) (fee equal to 25% of recovery, plus expenses);

401. *In re Bergen Capital Trust 1 Sec. Litig.*, Master File No. SACV-99-14642-AHS(ANx) (C.D. Cal. July 10, 2001) (fee equal to 25% of recovery, plus expenses);

402.  *In re Bergen Brunswig Corp. Sec. Litig.*, Master File No. SACV-99-1305-AHS(ANx) (C.D. Cal. July 10, 2001) (fee equal to 25% of recovery, plus expenses);

403.  *In re Avant! Sec. Litig.*, Master File No. C-96-20132-RMW(EAI) (N.D. Cal. June 11, 2001) (fee equal to 25% of recovery, plus expenses);

404.  *Marks v. Simulation Sciences, Inc.*, No. SACV-98-546-GLT(ANx) (C.D. Cal. June 4, 2001) (fee equal to 25% of recovery, plus expenses);

405.  *Steiner v. Aurora Foods, Inc.*, No. C-00-602-CW (N.D. Cal. May 11, 2001) (fee equal to 25% of recovery, plus expenses);

406.  *In re Petco Animal Supplies, Inc. Sec. Litig.*, Master File No. 98-CV-1521-L(POR) (S.D. Cal. Apr. 3, 2001) (fee equal to 25% of recovery, plus expenses);

407.  *In re Indus International, Inc. Sec. Litig.*, Master File No. C-00-0392-JCS (N.D. Cal. Jan 26, 2001) (fee equal to 25% of recovery, plus expenses);

408.  *Kalmus v. Wertz*, No. SACV-97-191-GLT(EEx) (C.D. Cal. Jan. 8, 2001) (fee equal to 25% of recovery, plus expenses);

409.  *In re American Bank Note Holographics Inc. Sec. Litig.*, No. 99-CIV-0412(CM) (S.D.N.Y. Jan. 2, 2001) (fee equal to 25% of recovery, plus expenses);

410.  *Bassman v. Union Pacific Corp.*, No. 3:97-CV-2819-L (N.D. Tex. Dec. 13, 2000) (fee equal to 25% of recovery, plus expenses);

411.  *Werczberger v. StorMedia, Inc.*, No. C-97-20538-RMW(PVT)MED (N.D. Cal. Nov. 22, 2000) (fee equal to 25% of recovery, plus expenses);

412.  *In re Gametech International, Inc.*, Master File No. Civ-98-0268-PHX(ROS) (D. Ariz. Sept. 8, 2000) (fee equal to 25% of recovery, plus expenses);

413.  *Genna v. Digital Link Corp.*, No. C-96-20867-RMW(EAI) (N.D. Cal. Aug. 4, 2000) (fee equal to 25% of recovery, plus expenses);

414.  *Klinger v. Nicolosi*, Civil Action No. 99-K-705 (D. Colo. July 25, 2000) (fee equal to 25% of recovery, plus expenses);

415.  *Sherleigh Associates Inc. Profit Sharing Plan v. Cohr, Inc.*, No. 98-3028-JSL(BQRx) (fee equal to 25% of recovery, plus expenses);

416.  *In re Urohealth Systems Sec. Litig.*, Master File No. SACV-97-552-GLT(EEx) (fee equal to 25% of recovery, plus expenses);

417.  *Frenkil v. Mossimo, Inc.*, No. SACV-97-761-GLT(ANx) (C.D. Cal. Mar. 20, 2000) (fee equal to 25% of recovery, plus expenses);

418.  *Marucci v. Overland Data, Inc.*, No. 97cv0833-TW(JFS) (S.D. Cal. Mar. 6, 2000) (fee equal to 25% of recovery, plus expenses);

419. *In re Premier Laser Systems, Inc. Sec. Litig.*, No. SACV-98-388-AHS(EEx) (C.D. Cal. Feb. 29, 2000) (fee equal to 25% of recovery, plus expenses);

420. *In re Leasing Solutions, Inc. Sec. Litig.*, Master File No. C-98-4366-WHO (N.D. Cal. Feb. 26, 2000 (fee equal to 25% of recovery, plus expenses);

421. *In re Merisel Sec. Litig.*, Master File No. CV-94-3959-R (C.D. Cal. Oct. 7, 1999) (fee equal to 25% of recovery, plus expenses);

422. *Rosenberg v. Hybrid Networks, Inc.*, C-98-20956-RMW (N.D. Cal. Aug. 19, 1999) (fee equal to 25% of recovery, plus expenses);

423. *Mishelow v. DSP Communications, Inc.*, No. C-98-0765-FMS (N.D. Cal. Apr. 9, 1999) (fee equal to 25% of recovery, plus expenses);

424. *In re Raster Graphics Sec. Litig.*, Master File No. C-98-0807-FMS (N.D. Cal. Feb. 19, 1999) (fee equal to 25% of recovery, plus expenses);

425. *Wills v. Blum*, CV-96-6441-DDP(CTx) (C.D. Cal. Aug. 31, 1998) (fee equal to 25% of recovery, plus expenses);

426. *In re Glen Ivy Resorts, Inc.*, No. SB 92-16083 MG (Bankr. C.D. Cal. Jan. 30, 1998) (fee equal to 25% of recovery, plus expenses);

427. *Harvey M. Jasper Retirement Trust v. Ivax Corp.*, Consolidated Case No. 94-865-CIV-ATKINS (S.D. Fla. Aug. 7, 1997) (fee equal to 25% of recovery, plus expenses);

428. *In re MicroAge Sec. Litig.*, Master File No. CIV-94-1434-PHX-ROS (D. Ariz. Aug. 5, 1997) (fee equal to 25% of recovery, plus expenses);

429. *LB Partners, L.P. v. Neutrogena Corp.*, No. 94-5492-LGB(JRx) (C.D. Cal. June 5, 1997) (fee equal to 25% of recovery, plus expenses);

430. *Smith v. Midisoft*, No. C-95-0449Z (W.D. Wash. Jan. 29, 1997) (fee equal to 25% of recovery, plus expenses);

431. *In re Hollywood Park Sec. Litig.*, Master File No. CV-94-6551-ABC(GHKx) (C.D. Cal. Feb. 26, 1996) (fee equal to 25% of recovery, plus expenses);

432. *Krause v. Sierra Tucson Companies, Inc.*, No. CIV-92-623-TUC-JMR (D. Ariz. June 20, 1994) (fee equal to 25% of recovery, plus expenses);

433. *Furman v. Sierra Pacific Resources*, CIVIL-N-92-543-ECR(PHA) (D. Nev. June 15, 1994) (fee equal to 25% of recovery, plus expenses);

434. *In re Sunrise Technologies Sec. Litig.*, Master File No. C-92-0948-TEH (N.D. Cal. April 20, 1994) (fee equal to 25% of recovery, plus expenses);

435. *In re Thortec International, Inc. Sec. Litig.*, Master File No. C-88-2470-FMS (N.D. Cal. Aug. 15, 1989) (fee equal to 25% of recovery, plus expenses);

- 26 -

436.    *In re United Energy Corporation Solar Power Modular Tax Shelter Investment Sec.
        Litig.*, [1989 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶94,376 (C.D. Cal. 1989) (fee
        equal to 25% of recovery, plus expenses);

437.    *In re Oak Industries Sec. Litig.*, Master File No. 83-0537-G(M) (S.D. Cal. Aug. 29, 1986)
        (fee equal to 25% of recovery, plus expenses).

S:\FORMS\Fees\F-Exp 25% lst.doc
Revised July 26, 2009