1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| In re DURA PHARMACEUTICALS, INC. SECURITIES LITIGATION | ) ) ) | Master File No. 99-CV-0151-L(WMC) |
|---|---|---|
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) ) | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | ) ) | DATE: December 3, 2009<br>TIME: 1:30 p.m.<br>COURTROOM: The Honorable Janis L. Sammartino |

This matter came before the Court for hearing pursuant to the Order of this Court, dated July 31, 2009, on the application of the Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of March 20, 2009 (the "Stipulation"). Full and adequate notice having been given to the Settlement Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Litigation as a class action for settlement purposes only. The Settlement Class consists of all Persons who purchased or acquired Dura Securities between April 15, 1997 and February 24, 1998, inclusive, including but not limited to those Persons who purchased or acquired Dura Securities during the Settlement Class Period and held such Dura Securities after September 23, 1998, November 4, 1998 and December 4, 1998. Excluded from the Settlement Class are Defendants, members of the families of the Individual Defendants, any parent, subsidiary, affiliate, partner, officer, executive or director of any Defendant, any entity in which any such excluded party has a controlling interest and the legal representatives, affiliates, heirs, successors, or assigns of any such excluded Person. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

4. With respect to the Settlement Class, this Court finds, solely for the purposes of settlement, that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel

1 have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that the settlement is, in all respects, fair, reasonable, and adequate to the Lead Plaintiffs, the Settlement Class, and each of the Settlement Class Members. The Court further finds that the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the settlement embodied in the Stipulation is hereby finally approved in all respects. The Parties are hereby directed to perform its terms.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including the Released Claims, are dismissed with prejudice as to Lead Plaintiffs and the other members of the Settlement Class, and as against the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Upon the Effective Date, Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form.

8. Upon the Effective Date, Lead Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) any of the Released Claims against any of the Released Persons.

9. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs, Settlement Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation.

10. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Granting Motion for Preliminary Approval of Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

11. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorney fee and expense application shall in no way disturb or affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment and Order of Dismissal with Prejudice.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the

1  Stipulation and/or this Final Judgment and Order of Dismissal with Prejudice in any action that may
2  be brought against them in order to support a defense or counterclaim based on the principles of *res*
3  *judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or
4  reduction or any other theory of claim preclusion or issue preclusion or similar defense or
5  counterclaim.
6       13.    Without affecting the finality of this Final Judgment and Order of Dismissal with
7  Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of
8  this settlement and any award or distribution of the Settlement Fund, including interest earned
9  thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for
10 attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing,
11 enforcing, and administering the Stipulation.
12      14.    The Court finds that during the course of the Litigation, the Parties and their
13 respective counsel at all times complied with the requirements of Federal Rule of Civil
14 Procedure 11.
15      15.    In the event that the settlement does not become effective in accordance with the
16 terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement
17 Fund, or any portion thereof, is returned to the Defendants, then this Final Judgment and Order of
18 Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance
19 with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered
20 in connection herewith shall be null and void to the extent provided by and in accordance with the
21 Stipulation.
22      16.    There is no just reason for delay in the entry of this Judgment and immediate entry by
23 the Clerk of the Court is expressly directed.
24    IT IS SO ORDERED.
25 DATED: _December 4, 2009_____    _Janis L. Sammartino_____
   THE HONORABLE JANIS L. SAMMARTINO
26 UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| 1 | Submitted by: |
| 2 | COUGHLIN STOIA GELLER <br>   RUDMAN & ROBBINS LLP |
| 3 | PATRICK J. COUGHLIN <br> HENRY ROSEN |
| 4 | TOR GRONBORG <br> JEFFREY D. LIGHT |
| 5 | JENNIFER Y. LAI |
| 6 | |
| 7 |          s/Jeffrey D. Light       <br>         JEFFREY D. LIGHT |
| 8 | |
| 9 | 655 West Broadway, Suite 1900 <br> San Diego, CA  92101 <br> Telephone:  619/231-1058 |
| 10 | 619/231-7423 (fax) |
| 11 | BERNSTEIN LITOWITZ BERGER & <br>   GROSSMANN LLP |
| 12 | DAVID R. STICKNEY <br> NIKI L. MENDOZA |
| 13 | MATTHEW P. JUBENVILLE <br> TAKEO A. KELLAR |
| 14 | 12481 High Bluff Drive, Suite 300 <br> San Diego, CA  92130 |
| 15 | Telephone:  858/793-0070 <br> 858/793-0323 (fax) |
| 16 | |
| 17 | COHEN MILSTEIN SELLERS <br>   & TOLL PLLC <br> DANIEL S. SOMMERS |
| 18 | MATTHEW B. KAPLAN <br> 1100 New York Avenue, N.W. |
| 19 | West Tower, Suite 500 <br> Washington, DC  20005-3964 |
| 20 | Telephone:  202/408-4600 <br> 202/408-4699 (fax) |
| 21 | |
| 22 | Co-Lead Counsel for Plaintiffs |
| | S:\Settlement\Dura.set\JGT 00063162.doc |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |